JOHN T. MARSH *vs.* JONAS S. LASHER and wife.

A decree will not be opened on the unsupported affidavit of a defendant that the complainant verbally agreed not to prosecute the action.

Where a defendant is asking, as a matter of favor, to be permitted to defend, neither a court of law or of equity will grant the request if the defence rests on the ground of usury.

Marsh v. Lasher.

Usury is not regarded as an equitable defence.

A loan made at seven per cent. on 8th May, 1856, the lender living in Essex, and the borrower in Middlesex, the land lying in the latter county, *held* not to be usurious as the law then stood.

*Shafer*, for complainant.

*Leupp*, for defendants.

THE CHANCELLOR. A final decree for foreclosure and sale of mortgaged premises was made in this cause on the 17th day of November last. A *fieri facias* was thereupon issued, and the premises advertised for sale on the 4th of April. The sale having been adjourned, on the 18th of April, an order was made requiring the complainant to show cause why the execution should not be set aside, the decree opened, and the defendant admitted to answer. The order was based upon an affidavit of the defendant stating that after the service of the subpœna the complainant had promised a stay of all further proceedings, and that he had a full and legal defence to make to the bill upon the merits.

The application rests upon two grounds.

1. That he was prevented from filing an answer by the fraudulent conduct of the complainant.

2. That he has a defence to the bill upon the merits.

The defendant swears that the complainant told him, soon after the subpœna was served, that he would stay all further proceedings in the suit, and give the defendant an opportunity of making sale of the premises. The proof rests solely upon the affidavit of the defendant. There is no concurring testimony and no corroborating circumstance to sustain the averment. An enrolled decree, regularly made, will not be opened upon the unsupported affidavit of a defendant that the complainant verbally agreed not to prosecute the action. The rights of the complainant under the decree ought not to be disturbed except upon more satisfactory evidence. The rule of our

Supreme Court has long been to disregard all admissions or agreements made out of court by parties or their attorneys in respect to the conducting of the suit, and not reduced to writing and subscribed by the persons making it. The policy of the rule is obvious. It points to the imminent danger of making the rights of parties in the conducting of a suit depend upon the memory, the truthfulness, or the accuracy of an opponent whose feelings or passions are excited by self-interest and the excitement of litigation. The principle will apply with greater force against permitting a party to rid himself of a decree regularly obtained by his statement of the admission of an adversary, made months previously, resting solely in his memory.

The statement of the defendant is not only uncorroborated by any other evidence in the case, but it is expressly denied by the complainant. It is remarkable, moreover, that the defendant was present on the day on which the property was first advertised and offered, and neither then or before made any complaint of fraud or surprise in obtaining the decree. There is a total failure of evidence to support the first ground of complaint, *viz.* that the decree was obtained by fraud or surprise. If admitted to answer, it must be on the second ground, *viz.* a defence upon the merits. The court lends a ready ear to applications for relief if the defendant has by misapprehension or mistake been deprived of the opportunity of making defence.

The only defence disclosed by the evidence is an allegation that the mortgage is founded on a usurious contract. The decided objection to this ground of relief is that usury is not regarded as an equitable defence, and that where a defendant is asking as a matter of favor to be permitted to defend on the ground of usury, neither a court of law or of equity will grant the favor. It is too late to discuss the reason or policy of the rule. It is as well settled as any rule of practice can be, and there is no good reason to disturb it.

But if the defence were admissible the evidence totally fails to prove that the contract is usurious.

The bond and mortgage are dated on the 8th of May, 1856, and bear interest at seven per cent. The complainant then lived in Essex, the defendant in Middlesex. The land is in Middlesex. As the law stood at the date of the contract, the parties were authorized to agree for interest at seven per cent. *Nix. Dig.* 374, § 10.

It was immaterial where the land lay or where the contract was in fact made.

Upon the face of the written instruments there is no usury in the contract. The defendant alleges that the loan was made in pursuance of a contract made some months previous to the date of the mortgage, and at a time when both parties lived in Middlesex. The fact is denied by the complainant, but if it were established it would not prove the mortgage usurious. Admit that the parties entered into an agreement for a loan of money at a usurious rate of interest on the first of March, both parties then living in Middlesex, the contract was simply void—neither party was bound by it. On the 8th May, a valid contract was entered into; the bond and mortgage were given for a lawful rate of interest. It will never be presumed that a lawful contract was entered into in pursuance of a previous corrupt and unlawful agreement.

The motion to open the decree is denied and the rule to show cause discharged with costs. All the depositions in relation to the value of the premises must be suppressed as irrelevant. In taxing the costs no allowance will be made for that part of the testimony.