Carpenter *v.* Muchmore.

---

## CHARLES R. CARPENTER *vs.* SMITH MUCHMORE.

On a petition by a defendant that a decree of this court, in all respects regular, be opened, and that he be admitted to answer, alleging surprise and merits, it was *held*—

That the general rule is that a decree regularly entered and enrolled cannot be altered except by bill of revivor.

Great liberality has been exercised in the opening and correcting of decrees before enrollment, and even afterwards (where the decree has been taken *pro confesso*), for the purpose of rectifying mistakes apparent upon the face of the proceedings, or where there is a clear case of surprise and merits.

When the only allegation of surprise is that the defendant is unacquainted with proceedings in this court, but in some way got the impression that he would have until the first day of the present term to file his answer, this is not a sufficient case of surprise. It was his duty to inquire as to his rights. If he negligently relied on his mistaken impression, he incurred the hazard of his default in not answering.

The petition, though sworn to, is no evidence of the facts contained in it. Its truth must be established by affidavits and other evidence taken according to the rules and practice of the court.

---

*J. H. Boylan*, for petitioner,

*Titsworth*, for complainant.

Carpenter *v.* Muchmore.

THE CHANCELLOR. The defendant, by petition, asks that the decree, entered in this cause on the twenty-third of August last, be opened, and that he be admitted to answer. There is no suggestion that the decree and the proceedings upon which it is founded are not in all respects regular.

The general rule is, that 'a decree regularly entered and enrolled cannot be altered, except by bill of revivor. 2 *Daniell's Ch. Pr.* 1232, 1235, and cases cited in *note* 4; 1 *Barbour's Ch. Pr.* 366.

·Great liberality has been exercised in the opening and correcting of decrees before enrollment, and even afterwards, where the decree has been taken *pro confesso*, for the purpose of rectifying mistakes apparent upon the face of the proceedings, or where there is a clear case of surprise and merits. 2 *Daniell's Ch. Pr.* 1235; 1 *Barbour's Ch. Pr.* 367.

The ground of complaint is that the mortgage was originally given for a larger amount than was actually due, not by mistake but by design. The alleged fact must have been known to the defendant at and before the time when the bill was filed. The subpœna was regularly served, returnable on the 18th of June last; the decree was signed on the 23d of August. The only allegation of surprise is, that "the defendant is entirely unacquainted with proceedings in this court, but in some .way got the impression that he would have until the first day of the present term to file his answer." How and when he got that impression is not stated. It certainly was not from the subpœna. That required him to appear on the 18th of June. The time limited by law for answering expired before the 23d of August, when the decree was signed. It was his duty to inquire as to his rights. If he negligently relied upon his mistaken impressions, he incurred the hazard of his default in not answering. Almost every defendant against whom legal proceedings are instituted might interpose the same excuse for his *laches*. It constitutes no surprise, in the legal sense of the term. It is a clear case of neglect on the part of the defendant to file

his answer, according to the requirement of the statute, after he has been regularly subpœnaed.

Nor has the petitioner exercised due diligence in making his application to open the decree. The petitioner alleges that, a short time before the commencement of the present term, he applied to a solicitor to draw his answer, and while the answer was being prepared, learned, for the first time, that the decree had been made. How long before the commencement of the term he employed a solicitor, or learned that the decree was made, is not stated. It may have been a week or a month. No application was made to open the decree until the sixth of November, the day before that upon which the property was advertised to be sold.

Upon the merits of the case, as made by the evidence, the petitioner is not entitled to relief. The only witness in support of the petition is Morehouse. He testifies that the bond and mortgage in question were given at the instance of Johnston, the mortgagee, for a much greater sum than was really due to him, and that there was not due to Johnston, on said bond and mortgage, at the time the same were given, or at any time since, a sum exceeding four hundred dollars. This affidavit was made on the 22d of November, instant. On the 12th of November, only ten days previously, Morehouse was examined under oath, by order of a judge of the Essex Circuit Court, under the act to prevent fraudulent transfers and assignments. He then testified, in answer to a direct inquiry, that he did not know anything about the amount due to Johnston on the mortgage given to him by Muchmore. Whether the first or last affidavit contains the truth, it is impossible to determine. It is obvious that no dependence can be placed upon the testimony of the witness.

The petition of Muchmore, though sworn to, is no evidence of the facts contained in it. Its truth must be established by affidavits and other evidence, taken according to the rules and practice of the court. *Coxe* v. *Halsted,* 1 *Green's Ch. R.* 311; *Crane* v. *Brigham,* 3 *Stockt.* 33.

There is no evidence sufficient to impeach the *bona fides*

L*

of the mortgage or the amount of the indebtedness as established by the decree.

The application must be denied, and the rule to show cause discharged with costs.