BRINKERHOFF *vs.* FRANKLIN and others.

1. An enrollment will be vacated and a decree opened when the decree has been made unjustly against a right or interest that has not been heard or protected, when this has been done without the laches or fault of the party who applies.

2. A defendant mortgagee is not bound to put in any defence to the answer of a co-defendant, alleging that his mortgage was without considera-

Brinkerhoff *v.* Franklin.

tion, and fraudulent and void. Such answer could not be taken as confessed against him.

3. A defendant cannot impeach the mortgage of a co-defendant by an answer. A cross-bill is necessary for that purpose

This was an application to vacate the enrollment of a final decree in a foreclosure suit, for the purpose of opening the decree to permit the petitioner, Catharine A. Franklin, to be made a defendant and to file an answer.

*Mr. B. Chetwood,* in support of the motion.

*Mr. A. Zabriskie,* contra.

THE CHANCELLOR.

The petitioner, Mrs. Franklin, holds a mortgage given by the defendant, Wilson F. Franklin and Melissa his wife, to the defendant, Edward Mars; this mortgage was assigned to her by Mars, pending the suit. The mortgage to the complainant is admitted to be the first, and it is so stated in the bill. The mortgage to Mars is stated in the bill to be the second encumbrance.

Charles W. Whitney, and James McNabe, and Todd and Rafferty, and Charles Kenyon, were made parties, because they severally had obtained judgments against Wilson F. Franklin, the mortgagor and owner of the fee. But these judgments, as stated in the bill, were obtained and entered after the recording of the mortgage to Mars, and were subject to it. Whitney, and Todd and Rafferty, answered, setting up their judgments. The defendant, Mars, did not answer, though duly served with process. The bill was ordered to be taken as confessed against him, and in the same interlocutory decree, entered by consent of Whitney, and of Todd and Rafferty, it was declared that the judgment of Todd and Rafferty was the first lien after the complainant's mortgage, and that the judgment of Whitney was the second lien after that mortgage, thus giving them

the preference over the mortgage of Mars; no proof was taken on which this declaration was founded; there was no consideration of or determination upon the claim of Mars, who was postponed by a decree entered by the consent of the parties interested in postponing his mortgage.

Two questions were argued and submitted.

The first is, whether the court will in any case vacate an enrollment and open a decree regularly made, in order to let in a defence.

The second question is, whether the petitioner has such equitable claim not barred by her own laches, or that of her assignor, as will entitle her to have this decree opened.

It has long been settled that an enrollment will be vacated and a decree opened when the decree has been made unjustly against a right or interest that has not been heard or protected, when this has been done without the laches or fault of the party who applies. *Robson* v. *Cranwell*, 1 *Dick*. 61; *Kemp* v. *Squire*, 1 *Ves.*, sen., 205; *Wright* v. *Wright*, *Ibid*. 326; *Hargrave* v. *Hargrave*, 3 *Mac. & G.* 348; *Wooster* v. *Woodhull*, 1 *J. C. R.* 539; *Beekman* v. *Peck*, 3 *J. C. R.* 415; *Millspaugh* v. *McBride*, 7 *Paige* 509; *Tripp* v. *Vincent*, 8 *Paige* 180; *Robertson* v. *Miller*, 2 *Green's Ch.* 452; *Collins* v. *Taylor's Ex'rs*, 3 *Green's Ch.* 163; *Miller* v. *Hild*, 3 *Stockt.* 25; *Carpenter* v. *Muchmore*, 2 *Mc-Carter* 123.

In this case neither Mars nor the petitioner have been guilty of any laches which should estop them from this application. The complainant's bill properly set forth the encumbrances in the order in which they are on their face entitled to priority. Mars had his option to answer the bill, or if there was nothing in it which he wished to contest, to avoid the cost and expense of answer to himself and the estate, by allowing the bill stating facts truly to be taken as confessed against him. This is the effect given to his omission to answer by the statute. *Nix. Dig.* 108, § 21. The only right to make a decree against a defendant who does not appear, is derived from this statute. Before

the statute, the party could be compelled to appear and answer, but until he did appear no decree could be made that would affect his right. In England, by divers statutes and orders in chancery, the court in certain cases could order an appearance to be entered for him; but when this could not be done, the defendant was brought into court more than once upon a *habeas corpus*, before a decree *pro confesso* could be entered.

The statute of this state authorizes the bill to be taken as confessed, and directs that such decree shall be made thereon as the Chancellor shall think equitable and just. No decree can, by this statute, be made upon a bill taken as confessed, except such as shall be equitable and just upon the facts stated in it. On this bill taken as confessed, that is, upon the facts stated in it being taken as true, no decree could be made postponing the mortgage of Mars to judgments entered after it was made and recorded.

Whitney states in his answer that the mortgage to Mars was without consideration, and fraudulent and void. To this answer Mars was not bound to put in any defence. That could not be taken as confessed against him. If Whitney wished to impeach the mortgage of Mars, his course was to file a cross-bill for that purpose. In general, one defendant cannot have any positive relief against another, except upon cross-bill. This is one of the offices of a cross-bill.

Had Mars answered, and the complainant brought the cause to hearing upon bill and the three answers, then the statute which directs (*Nix. Dig.* 110, § 38,) that in such case the answer shall be taken as true in all points, might have controlled, and this answer of Whitney have defeated Mars. That was the result in *Vanderveer* v. *Holcomb*, 2 *C. E. Green* 547.

But this case is not within that provision, and the interlocutory decree made by the court postponing the mortgage of Mars to the judgment creditors, was not only irregular, but one which the court had no authority to make. Mars

and the petitioner, his assignee, have been deprived of their rights, without an opportunity of being heard, and without any laches or fault of either.

The petitioner having acquired a right in the subject matter of the suit since its commencement, is entitled to be made a party by the provisions of the act of March 17th, 1870, (*Pamph. Laws* 40,) and is entitled to have the enrollment vacated, and the decree opened, except as against the complainant, whose rights are not disputed, and who must be permitted to proceed and sell. The sheriff must be directed to pay into court the surplus of the proceeds of the sale, after paying the debt and costs of the complainant, and the costs of the sale. And the rights of the defendants can be settled upon application by either for the surplus money, or by cross-bill, as they may deem best.