## CHARLES S. MORRIS and others

### v.

## ELLA HINCHMAN and others, executors.

A final decree will not be opened to let in a defence, where, from the affidavits submitted, it appears that the evidence to sustain such defence would be insufficient to overcome that on which the decree was founded.

---

Bill for relief. Motion to open final decree and let in the defendants, the executors of Thomas Hinchman, deceased, to defend.

*Mr. S. H. Grey*, for the motion.

*Mr. A. C. Scovel*, contra.

THE CHANCELLOR.

This suit was begun December 3d, 1877. It was brought to obtain, for the complainant, the benefit of a note and mortgage for $10,000, given by Joseph Etheridge, of North Carolina, to Thomas Hinchman, of Camden, in his life-time, to secure him against loss by reason of his acceptances, for Etheridge's accommodation, of drafts in favor of the complainants and two other persons. The complainants' draft was never paid. On the filing of the bill, an injunction was issued, restraining the defendants, the executors of Hinchman, from collecting or disposing of the note and mortgage.

Morris *v.* Hinchman.

Subpœna to answer, returnable December 31st, 1877, was served on the executors, who reside in Camden. No plea, answer or demurrer having been filed, a decree *pro confesso,* with an order of reference to ascertain the amount due the complainants, was made May 13th, 1878. The bill having been fully verified by several affidavits annexed to it, no further proof was deemed necessary. The master's report was filed July 25th, 1878, and a final decree was made in favor of the complainants on the same day. On the 19th of August following, an order to show cause why the final decree should not be set aside and the executors let in to defend, was made, with leave to the parties to take affidavits to be used on the hearing of the order.

It appears, by the affidavits which have been submitted on behalf of the executors, that the fact that the suit went to a final decree without any attempt at defence on their behalf, was no surprise to them. They were aware of the progress of the suit, and of the necessity of making a defence, if any they had; but they were not aware that they could make any resistance to the complainants' claim, and it was not until after the 23d of May, 1878, that their solicitor ascertained what led him to believe that they might be advantaged by a defence. If it appeared to me that it would be likely to be of any avail to them to let them in to defend, I would do so on proper terms, but after a very careful consideration of the affidavits, I am led to the conclusion that it would be of no advantage to permit them to answer. The witnesses whose affidavits are produced, appear to be the only ones whom they would be able to bring to substantiate a defence. One of them, Mr. Davall, speaks almost entirely of conversations between himself and Hinchman alone. The only part of his testimony which appears to be competent, is that of a transaction of accounting between Hinchman and Etheridge, in which notes to be given by the latter to the former, as evidence of his indebtedness to Hinchman, were handed to Etheridge, and on his objecting to them because they were for too great an

amount in the aggregate, some of them, to the amount of $10,000, were destroyed on the suggestion of Hinchman, concurred in by Etheridge, that the mistake had occurred from omission to credit Etheridge with the $10,000 mortgage. The other witness swears to conversations had by him with Hinchman alone, and the transactions in a suit at law brought against the latter by the complainants on his acceptance.

On the other hand, Etheridge swears explicitly to the truth of the allegations of the bill, and confirms the sworn statements of Adelsdorf and Baxter, appended to the bill by way of verification. It is quite conceivable that in the transactions between Hinchman and Etheridge, which involved large consignments of fish by the latter to the former, and large outlays by Hinchman for Etheridge's account, on the credit of the consignments made and to be made, the $10,000 mortgage was treated, in an account between them, as a security to Hinchman for the indebtedness of Etheridge to him, both supposing that the acceptances would be provided for by the consignments. But, however that may be, the testimony of Mr. Davall on that head would not countervail that of Adelsdorf, Baxter and Etheridge.

The motion will be denied, but without costs. The final decree should be amended so as to provide for the appointment of a receiver to take the note and mortgage into his possession, and collect them and hold the proceeds, after satisfying the complainants' claim, subject to the order of this court.