SAMUEL WILLIAMS, JR., respondent,

*v.*

SAMUEL LOWE et ux., appellants.

[Argued June 26th, 1911. Decided November 20th, 1911.]

1. The general rule that a court of equity will not specifically enforce a construction contract, while it justifies the court in its refusal to do what it cannot be required to do, does not prevent it from so doing as incidental to other relief in exceptional cases.

2. Whether or not a final decree shall be opened is discretionary in the court of chancery and where an order refusing to open a decree was neither an abuse of such discretion nor the result of mistake or of any imposition practiced on that court, this court will not review such order for the mere purpose of substituting its discretion for that of the court of chancery.

3. A defendant cannot have a decree moulded into a form suggested by him and then have it reversed because of the form so imparted to it.

On appeal from a decree and certain decretal orders of the court of chancery advised by Vice-Chancellor Walker.

*Mr. Scott Scammell,* for the appellants.

*Mr. William M. Jamieson,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This appeal attacks a final decree of the court of chancery, also an order refusing to open such decree and also an order amending such decree. The bill was filed by Williams against Lowe, who is the appellant, for the specific performance of a contract to convey a house, and the case made by the complainant was as follows: In 1907, Lowe leased to Williams a house and lot on Morgan avenue, in Hamilton township, for four years, with an

option of purchase and a covenant to convey free of encumbrance. Williams entered into possession, exercised the option and was making payments of the purchase price in monthly installments when the foreclosure of a mortgage covering the premises brought the transaction to a halt. It was then agreed between Williams and Lowe that the former should purchase in lieu of the Morgan avenue house an unfinished house belonging to the latter on Oregon avenue, to be paid for in weekly installments, Williams to be credited with the payments made on the Morgan avenue house, Lowe to finish the Oregon avenue house and convey it to Williams free of encumbrance when $800 was paid.

Williams moved into this unfinished house and had made payments, amounting with the credits to $615, when he discovered that Lowe had put a $700 mortgage on the house which was still unfinished. Williams then stopped his payments and filed the present bill setting out these facts, tendering the balance of the purchase price for the house when completed and praying that Lowe complete the house and convey it to him free of the said mortgage. There was also a prayer for general relief. Lowe not having answered this bill a decree *pro confesso* was entered with an order for taking proofs under which was shown what it would cost to complete the house, and such sum being in excess of the unpaid purchase-money, the latter was credited to Lowe and a decree made that he pay the balance, viz., $118.48, and convey the unfinished house free from the mortgage.

This decree was made on August 23d, 1910. On September 21st, 1910, Lowe petitioned the court of chancery to open this decree and let him in to answer, which, after a hearing on an order to show cause, was denied. Lowe then applied to the court to amend the final decree against him by striking out the requirement for the payment of the balance of the cost of completing the Oregon avenue house on the ground that it was not within the specific prayer of the bill, and was oppressive because the house could be completed by him for less than the unpaid purchase price.

This application of Lowe was granted and the decree ordered to be amended according to the specific prayer of the bill.

From the original final decree and from each of these decretal orders the defendant has appealed, but not from the final decree as ordered to be amended.

Passing over this technical difficulty, we think that the final decree was justified by the facts before the court and that it was as originally framed in effect a decree for specific performance of a contract to convey with an abatement of the price. The objection that there was no such specific prayer, if well founded, which we do not need to admit, cannot now avail the appellant since that part of the decree was stricken out on his own application. The objection that the decree as amended is one to enforce a construction contract cannot avail the appellant, first, because the agreement is not a construction contract but a contract to convey a house, the completion of which was an incident and not the object of such contract; second, because the rule invoked, while it justifies the court in refusing to do what it cannot be required to do, does not prevent it from so doing as incidental to other relief in exceptional cases, and third, because the appellant cannot lay as a ground for reversal a feature of the decree made at his own suggestion.

The order refusing to open the decree was neither an abuse of discretion by the court below nor the result of mistake or of any imposition practiced upon it. Assuming that this court will review a discretionary order in these respects, as was done in *Day* v. *Allaire, 31 N. J. Eq. (4 Stew.) 303,* it will not do so for the mere purpose of substituting its discretion for that of the court of chancery.

The order amending the final decree will not be reversed at the instance of the appellant since it was the product of his own suggestion. A defendant cannot have a decree moulded into a form suggested by him and then have it reversed because of the form so imparted to it.

The sole merit of the defendant's application was that the house could be finished by him at an expense less than the unpaid balance of the purchase price; he got the amended decree in order to enable him to do what he said he could do, and wanted to do, and in equity should be permitted to do, and then instead of doing it he prolongs the litigation at an expense

which, if he is paying his lawyer at all in proportion to his services, is greatly in excess of what, on his own showing, it would cost him to complete his contract with the complainant.

The decree and both of the decretal orders are affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—11.

*For reversal*—None.