## Philadelphia Life Insurance Co. v. Fidelity Deposit Co., Appellant.

*Judgment — Judgment by confession — Opening judgments — Bonds—Mortgages—Sufficiency of evidence upon rule to open judgment.*

1. An insurance company loaned $70,000 to a power company, secured by bond and mortgage. When the loan was made alterations were in progress on the mortgaged property. To secure the insurance company against mechanics' liens a bond in the sum of $70,000 was executed, in which the power company was principal and a bonding company was surety. The bond recited the execution of the bond and mortgage and the fact that the building erected on the property was not fully completed and contained a condition that if mechanics' liens filed after the recording of the mortgage were discharged the obligation was to be void, and a further stipulation that the surety, if compelled to make payment on account of the bond, should be entitled to an assignment of the bond and mortgage upon the payment to the insurance company of all money due thereunder, together with costs, fees, etc. The bond contained a confession of judgment. After the completion of the building liens were filed for material and labor. Default was made in payment of interest on the mortgage and thereupon the principal became due and the mortgage was sued out. The mortgaged property was purchased by the insurance company at the sheriff's sale for $16,000. Upon distribution of the proceeds by an auditor there was awarded in payment of mechanics' liens, together with costs, etc., the sum of $11,000. The insurance company then entered judgment against the power company as principal and the bonding company as surety upon the bond given as security against mechanics' liens and damages were assessed in the sum of $11,000. Upon a petition by the bond-

ing company to open the judgment it appeared that tender had been made by the surety company to the insurance company of the debt, interest, costs, and amount of the mechanics' liens and a demand made for the transfer of the title under the stipulation in the bond, but that this tender was not made until after the sheriff's sale of the property. *Held,* that the petition to open was properly dismissed.

2. In such case held further that there was no error committed in refusing to open the judgment upon the ground that there had been an understanding between counsel for the insurance company and counsel for the bonding company whereby the latter refrained from bidding at the sale under the belief that the property was to be purchased for the benefit of the bonding company where the testimony upon this point was confined to that of counsel for the bonding company on the one hand and contradicting testimony by counsel for the insurance company on the other.

Argued Jan. 20, 1914. Appeal, No. 279, Jan. T., 1914, by Fidelity & Deposit Company of Maryland, from order of C. P. No. 5, Philadelphia Co., June T., 1912, No. 3696, discharging rule to open judgment in case of Philadelphia Life Insurance Company v. Pittsburgh Manufacturers Power Company and Fidelity & Deposit Company of Maryland. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Rule to open judgment. MARTIN, P. J., filed the following opinion:

Plaintiff loaned $70,000 to the Pittsburgh Manufacturers Power Company, secured by bond and mortgage. When the loan was made, alterations were in progress upon the mortgaged property. To secure plaintiff against mechanics' liens, a bond in the sum of $70,000 was executed in which the Pittsburgh Manufacturers Power Company, one of the defendants, was principal, and the other defendant, the Fidelity & Deposit Company of Maryland, surety. This bond recited the execution and delivery of the bond and mortgage, and the fact that the building erected upon the property was not fully completed. It contained a condition that if all

mechanics' liens or claims for work and material furnished in the erection and construction of the building not entered of record at the time of recording the mortgage but thereafter filed were discharged, the obligation was to be void. It was stipulated if compelled to make payment on account of the bond, the surety should be entitled to an assignment of the bond and mortgage upon payment to the obligee of all money due thereunder, together with costs, fees, expenses and interest for an additional period of thirty days. The bond contained a confession of judgment.

After completion of the building liens were filed for material and labor.

Default was made in payment of interest on the mortgage, and thereupon the principal became due. The sheriff issued a writ of fieri facias upon the mortgage, judgment was entered, and a levari facias issued. The mortgaged property was purchased by plaintiff at the sheriff's sale for $16,000.

Distribution of the proceeds was made by an auditor, and there was awarded in payment of mechanics' liens against the property filed after the recording of the mortgage, together with costs, interest, charges and expenses, the sum of $11,100.40.

Judgment was entered against the mortgagor who was the principal, and the Fidelity & Deposit Company of Maryland, surety, upon the bond given to secure plaintiff against mechanics' liens, and damages were assessed in the sum of $11,100.40.

The surety presented a petition for a rule to show cause why the judgment should not be opened, alleging that the mortgaged property at the time of sale was worth in excess of $100,000; that petitioner tendered to plaintiff the debt, interest, costs, and amount of mechanics' liens, and demanded a transfer of the title, which plaintiff obtained as purchaser at the sheriff's sale, claiming that there was an understanding entered into between counsel for the plaintiff and petitioner's

counsel, whereby the latter refrained from bidding at the sale, believing the property was to be purchased for the benefit of petitioner.

An answer was filed by plaintiff, specifically denying the allegations of the petition, or that there was a stipulation that the property was purchased for the benefit or in trust for petitioner, or that there was any obligation to transfer title to petitioner on payment of the debt, interest and costs accrued on the bond and mortgage.

Depositions were taken, and the evidence discloses that counsel for plaintiff and petitioner acted jointly in contesting the liens filed against the mortgaged premises, but their efforts were unsuccessful and the liens were paid from the proceeds of the sheriff's sale.

There was no stipulation or agreement entered into on behalf of plaintiff to assign the title procured at sheriff's sale to petitioner, but petitioner's claim is based upon a stipulation in the bond of indemnity that—"if the surety is compelled or obliged to pay any sum on account thereof, at its election it shall be entitled to an assignment of the above mentioned mortgage, together with the bond accompanying the same upon payment to the obligee of all money then due and owing thereunder, together will all costs, fees and expenses and interest thereon for an additional period of thirty days."

No tender was made by petitioner to plaintiff under this provision of the bond until after the sheriff's sale of the property, when the mortgage was merged in the judgment, and the judgment on the mortgage satisfied by the sale.

Counsel for petitioner testified that prior to the sheriff's sale he informed counsel for plaintiff that he was prepared to bid for the property, in order to protect his client's interest, and that he was present at the sale, but plaintiff's attorney stated—"We expect to bid it in," to which petitioner's attorney made reply—"Very well, if you are going to protect your interests,

there is no necessity for our bidding," and that if plaintiff's counsel would take care of the matter without prejudice to anyone's rights, that he would leave the matter in his hands, and plaintiff's counsel replied that was satisfactory to him—it would not be necessary for petitioner's counsel to wait, but that he would buy the property in. He further testified—"I said to him, 'is this purchase without prejudice to the rights of our clients as between themselves?' and he said, 'Entirely so. We will take the property now at this time so as to prevent any outside person slipping in.' I was prepared to bid for the property up to the sum of $100,000."

Counsel for plaintiff testified that counsel for petitioner informed him prior to the sheriff's sale that he had authority to bid in the property covered by the mortgage for the Fidelity & Deposit Company of Maryland, and asked whether counsel for plaintiff wanted him to bid it in, or whether he was going to bid it in, and that counsel for plaintiff stated that he was going to bid in the property for his client, the Philadelphia Life Insurance Company. He denied that there was anything said about bidding in the property without prejudice.

The case as presented by the petition, answer and deposition fails to show a legal or equitable right in petitioner to demand a conveyance of the mortgaged property purchased by plaintiff at sheriff's sale under the terms of the bond which required plaintiff to assign the bond and mortgage if a tender was made in due time; nor is there sufficient testimony presented in the depositions to warrant the court in declaring the plaintiff a trustee of the property, or to relieve petitioner from the obligation of the bond. The testimony is confined to that of counsel for petitioner on the one hand and counsel for plaintiff on the other. There should be more than oath against oath to warrant the court in opening a judgment.

Rule discharged.

, *Error assigned,* inter alia, was in discharging the rule to open judgment.

*Charles F. Patterson,* for appellant.

*Russell Duane,* of *Duane, Morris & Heckscher,* for appellee.

PER CURIAM, February 16, 1914:

. The right of the appellant to demand an assignment of the bond and mortgage ended with the sheriff's sale and under the findings of fact by the court no new relation of trust and confidence was created by which it was released from the obligation of its bond.

. The order appealed from is affirmed at the cost of the appellant on the opinion of the learned president judge of the Common Pleas.