JOSEPH F. O'NEILL et al.

*v.*

ABE LINOWITZ.

[Decided September 14th, 1920.]

1. On application to open decree *pro confesso* and for leave to file answer, any reasonable ground for indulgence will be deemed sufficient excuse for defendant's default, provided the application be made with due promptness.

2. Even where such excuse is sufficient, the application will not be granted where defendant fails to show by affidavit detailed facts evincing that he has a *bona fide* defence.

3. Where defendant answers by leave of court, he is not permitted to set up all defences which he might interpose where answering of right, but will be restricted to those of his defences which are equitable.

4. Hearsay is equally as incompetent in affidavits as in oral testimony.

---

On motion to open decree *pro confesso.*

*Mr. William M. Jamieson,* for the complainants.

*Mr. Henry H. Wiltstein,* for the defendant.

BUCHANAN, V. C.

Complainants by their bill of complaint seek specific performance by defendant as vendee of a contract of purchase and sale of complainants' lands. . Decree *pro confesso* was regularly entered against defendant upon his failure to answer or otherwise plead.

Defendant now applies for an order reopening the decree *pro confesso* and permitting him to file an answer. The answer which he asks leave to file is annexed to the notice of motion, together with an affidavit as to the facts and circumstances relied on as grounds for the making of the order sought. Counter affidavits were filed by complainant.

This, of course, is the proper practice. Orders opening decrees by default and granting leave to answer, while freely made in proper cases, are not made as of course, nor *ex parte*. The motion must be supported by affidavits showing that defendant has in fact a meritorious defence, and the reason for the default; it must be made on notice, and complainant has the right to submit opposing affidavits. The decree, if opened, is not opened to permit the filing of any and all answers, but only an answer setting up solely such of the defences submitted on the motion as may be specifically permitted. *Pike* v. *Henderson, 48 Atl. Rep. 551.*

In the present case the showing made by defendant is, that the failure to file answer within time was due to the unexpected protraction of engagements of his counsel in other courts. In this behalf, any reasonable ground for indulgence is sufficient if application be made within reasonable time. *Emery* v. *Downing, 13 N. J. Eq. 59; Tipton* v. *Randall, 87 N. J. Eq. 387, 390.* Defendant's present application was made within reasonable time and his excuse is sufficient.

Remain the questions as to whether defendant shows that he has in fact a defence or defences, and whether such defences, or any of them, are valid, meritorious and equitable. Not for every defence, though valid, which might have been pleaded within time, will leave be given to be set up after decree *pro confesso*. Where defendant answers not as of right but by leave of the

court, he will not be permitted to set up other than equitable defences. *Vandeveer* v. *Holcomb, 22 N. J. Eq. 555.*

In the present case a specific draft of answer is sought to be filed. Before proceeding to the substance of the defences therein set up, it may be pointed out that it is bad as to form. Leave will not be granted to file an answer which is so defective that it would immediately be stricken out on motion. I will, however, consider the motion as one for leave to file proper answer setting up the defences mentioned in the form submitted. The draft of answer, in the first part thereof, denies most of the allegations of the bill. The second defence, in effect, admits the making of the contract and that the terms were reduced to writing and were as complainant sets them out in the bill, but pleads the statute of frauds by denying that he, defendant, signed it. The third defence is lack of mutuality—based on the allegation that the complainant wife did not acknowledge the execution by her of the contract, that it was therefore invalid as to her under the act concerning conveyances, and that specific performance could not be decreed against her, and, hence, will not be decreed against defendant.

To the issues which would be raised by the general denials of the allegations of the bill no concern need be given, for there is nothing whatever in the affidavit in support of the motion which denies any of the allegations of the bill. Detailed allegations, duly verified by affidavit of the facts which defendant claims to constitute a defence, must be presented to the court. *Disbrow* v. *Johnson, 18 N. J. Eq. 36; Boyer* v. *Boyer, 77 N. J. Eq. 144. Cf.* also, at law, *Miller* v. *Alexander, 1 N. J. Law 459.* Not only are there none such here presented, but there is not even a statement anywhere in the affidavit which is presented that defendant has, or even claims to have, any of the defences which would be interposed by the denials in the first part of the suggested answer.

Next, as to the defence of the statute of frauds. Assuming that the affidavit on behalf of defendant sufficiently alleges that defendant did not sign the alleged contract or any contract, that does not meet the requirement. The statute of frauds is an affirmative defence. When pleaded, it must be *fully* pleaded.

The bar of the statute is not effective, by its own provisions, if the contract is signed by someone duly authorized by defendant, any more than if it is signed by defendant himself. And an allegation that defendant did not sign is not an allegation that the contract was not signed by some one authorized by him. Both averments are necessary. But in fact there is not even an allegation that defendant himself did not sign. There is no affidavit by the defendant at all. The affidavit submitted is that of defendant's solicitor, and the allegation is merely that he, the solicitor, is informed by defendant that defendant did not sign. Hearsay is just as incompetent in affidavits as in oral testimony. *Bull* v. *International Power Co., 87 N. J. Eq. 1.* On the other hand, both complainants swear that he did sign and produce a like affidavit from a disinterested gentleman of the highest credibility, the president of a trust company, who was present and saw defendant sign. (The contract itself it appeared had been temporarily lost or mislaid.)

Finally, as to the defence of invalidity of the contract as to the wife, for lack of acknowledgment by her, and consequent want of mutuality. Section 39 of the act respecting conveyances *(P. L. 1918 p: 119)* has been construed to mean that a contract of sale by a married woman is invalid to affect her interest in lands unless it be acknowledged by her and such acknowledgment certified by the official before whom the acknowledgment is made. The statute by no means makes her contract void, but merely deprives it of efficacy to pass title. *Wolff* v. *Meyer, 75 N. J. Law 181.* Defendant contends that the contract in question here was not acknowledged by the complainant wife, and, hence, could not be enforced against defendant.

This question, however, does not need determination, for the reason that there is no allegation in the affidavit in support of the motion, of any lack of acknowledgment or certification. Defendant's counsel contends that the lack of such allegation in the affidavit filed by him is cured by allegations in complainants' counter affidavits. In this, however, he is mistaken. Complainants' affidavits contain allegations of circumstances showing what substantially amounts to an acknowledgment by the wife. There are no allegations of certification, but the lack of such

allegations can by no means amount to admission of failure of certification—certainly not, in the absence of any allegation of failure of certification in defendant's affidavit.

It may well be that the defences of the statute of frauds, and of the failure of. acknowledgment or certification, come within the category of defences which are purely legal and not equitable, and which, therefore, as stated in *Vandeveer* v. *Holcomb, supra,* a defendant after decree *pro confesso* will not be allowed to set up. I express no opinion on this point, however, for the reason that defendant's affidavit, as heretofore pointed out, contains no evidence of any facts indicating the existence of any such defences.

The application will be denied, with costs.