On December 30th, 1929, complainant filed a bill in this court against the defendants praying that they answer and make discovery of who has possessed the premises and received the rents, issues and profits since a pretended conveyance therein set forth; that the conveyance from Fradkin Rothberg, Incorporated, to Samuel Kaplan, and all other fraudulent conveyances affecting the lands might be set aside and held to be fraudulent and void as against the bankrupt corporation; that defendants be decreed to pay complainant, as trustee, for the benefit of the creditors of the corporation, the full amount due and owing them, c. Subpoena directed to the defendants was tested on the day the bill was filed and was acknowledged by the solicitor for Samuel Fradkin and Meyer Rothberg, and returned
"Served the within writ December 31st, 1929, upon Samuel Kaplan, the within named defendant, by delivering a true copy thereof to his wife at his usual place of abode, 196 Renner avenue, Newark, N.J." *Page 45 
signed by the sheriff of Essex, by special deputy. Such proceedings were afterwards had in the cause that a decree proconfesso and order of reference was filed February 13th, 1930, in which the bill, for want of answer, was taken as confessed against defendants, including Kaplan, and it was referred to a master to report, c. The master's report was made, and filed March 5th, 1930, and on March 17th, 1930, a final decree was entered in said cause, in which it was ordered, adjudged and decreed that Samuel Kaplan, one of the defendants, do pay to the complainant the sum of $2,167.29 for principal and interest, together with taxed costs of suit, the sum named being the rents, issues and profits due and owing from the defendant Samuel Kaplan for and on account of the property aforesaid, as ascertained by an order filed March 8th, 1930, confirming the master's report.
Samuel Kaplan, one of the defendants, by petition filed April 5th, 1930, stated that he did not receive the subpoena issued in this cause nor have any notice or knowledge of the action until March 19th, 1930, when the solicitors of complainant wrote him that a decree had been entered in favor of the complainant against him for $2,167.29; and he says that his wife did not in any manner inform him of the service of said subpoena; although she says not a word by way of corroborating him, which is very significant.
Kaplan then sets forth a train of circumstances setting up claimed merits going to disprove the right of complainant to have a decree against him, and prays that the decree pro confesso
and final decree be vacated and he afforded an opportunity to file an answer. The petition was duly verified by his affidavit and also an affidavit of one of the firm of Corn Silverman, solicitors of petitioner, excusing the filing of an answer in the cause on his behalf. Affidavits were also presented on the part of the complainant. Many of the affidavits violate the rules of evidence. See In re McCraven, 87 N.J. Eq. 28.
It was admitted on the hearing of this application that Kaplan and his wife were living together upon terms of amity and that the writ was served upon her four days before Kaplan *Page 46 
left on a trip to the south, where he was gone about a month and a half.
To say that he can now come in and successfully assert that his wife did not give him the subpoena, and that he never had any notice of the pendency of the suit, would be to say that any defendant who is not served personally by the sheriff could make the same sort of excuse, if he chose; and many would do so to the manifest damage of his adversary.
The Chancery act (P.L. 1913 p. 748; 1 Cum. Supp. Comp. Stat.p. 257 §§ 33, 35), provides:
"Every subpoena or process for appearance shall be served by sheriff or other officer authorized to serve writs of summons and other common law processes, on the person to whom it is directed, by giving to him personally a copy or leaving a copy thereof at his dwelling house or usual place of abode, at least five days prior to its return," c.
The service made upon Kaplan's wife at his residence was perfectly good. See Lintott v. McCluskey, 105 N.J. Eq. 358;148 Atl. Rep. 161.
To hold that this service was not conclusive would be to practically nullify the provision of the statute providing for service, "by leaving a copy thereof (subpoena) at his (defendant's) dwelling house or usual place of abode." I believe that Kaplan received the copy of subpoena from his wife, but perhaps, in the multiplicity of his business and confusion in getting away overlooked it and therefore neglected to instruct his solicitor to defend, if, in fact, he has a defense; and I have not looked into that, as I deem it unnecessary for the reason that he is concluded by the service and his default.
It is a settled principle of jurisprudence that in order to open a decree or judgment entered by default, the party applying must show both surprise and merits. As there was no surprise in this case — although it might have been actual, it was not legal, and, therefore, inexcusable — I have concluded that this application must be denied. This makes it quite unnecessary to consider the question of merits.
In Miller v. Hild, 11 N.J. Eq. 25, it was held that this court will open a decree obtained by surprise, but not where *Page 47 
a party has had notice of the suit and has had an opportunity of making a defense and has neglected to do so.
In Carpenter v. Muchmore, 15 N.J. Eq. 123, it was held that where the defendant in some way got the impression that he would have further time to answer, it was not a sufficient cause of surprise; that it was his duty to inquire as to his rights; that if he negligently relied upon his mistaken impression he incurred the hazard of his default in not answering.
And in Sandford v. Wellborn, 85 N.J. Eq. 577, the court of errors and appeals held that the opening of a decree in chancery entered by default rests in the discretion of the chancellor, and a refusal to open such decree will not be reviewed by that court where there is no abuse of such discretion shown and it is not the result of mistake or imposition practiced on this court, citing Miller v. Hild with approval (at p. 588).
Finding, as I do, that the defendant is not surprised at the service of process, but that he simply neglected to file an answer in the cause within time, the motion to open and vacate must be denied, with costs.
Order accordingly.