Defendants Cecelia K. Kantrowitz and Reuben B. Kantrowitz seek to have made absolute an order procured by them requiring complainant to show cause why the decrees, pro confesso and final, regularly entered in a foreclosure suit should not be vacated and opened for the purpose of affording them an opportunity to file an answer and interpose their defense.
It appears from the affidavits here submitted that the bill of complaint was filed on August 9th, 1935, subpoena to answer was on September 30th, 1935, duly served on said defendants, and the time for filing of answer, expiring on October 20th, 1935, was, upon said defendants' request, extended by complainant's solicitor from time to time until November 19th, 1935, on which day, and the one preceding, their requests for further extensions of time were refused by him, but who thereupon, at their request, endorsed his consent upon an answer then produced by them consenting to its filing as "of within time." *Page 551 
Said answer not having been thereafter filed, complainant proceeded with its action and caused to be entered therein a decree pro confesso, a final decree, and a writ of fierifacias to be issued pursuant to and by virtue of which it proceeded to advertise and was about to sell the mortgaged lands and premises, when said defendants, upon their verified petition, applied for and obtained the order to show cause now under consideration.
The court of chancery is, from time immemorial, vested with discretionary power, even after enrollment, to open its decrees regularly obtained by default for the purpose of affording parties an opportunity of interposing their defense, where such defense is meritorious and they through accident, mistake or surprise, or because of their solicitor's neglect, have been deprived of their right to present it or be heard with relation thereto. Miller v. Hild, 11 N.J. Eq. 25; Brinkerhoff v.Franklin, 21 N.J. Eq. 334; Embury v. Bergamini, 24 N.J. Eq. 227; Emery v. Downing, 13 N.J. Eq. 59; Carpenter v. Muchmore,15 N.J. Eq. 123; Day v. Allaire, 31 N.J. Eq. 303; Morris v.Hinchman, 32 N.J. Eq. 204; Boyer v. Boyer, 77 N.J. Eq. 144;Williams v. Lowe, 79 N.J. Eq. 173; Sandford v. Wellborn,85 N.J. Eq. 577; 96 Atl. Rep. 1018; O'Neill v. Linowitz, 92 N.J. Eq. 179; 111 Atl. Rep. 659; Avidan v. Kaplan, 106 N.J. Eq. 43;150 Atl. Rep. 3. However, whether or not this power will be exercised by it will, and of necessity must, depend upon the special facts and circumstances existing in each particular case.
As reason for their failure to promptly file the answer after complainant's solicitor had endorsed his consent thereon to the filing as of in time, defendants here assert an arrangement allegedly made between them and complainant's solicitor whereby said answer was to be filed only if and when certain negotiations then alleged to have been pending would be terminated. To prove this arrangement — tantamount, as it is, to an agreement by complainant to indefinitely refrain from prosecuting its then pending foreclosure action — defendants rely upon nothing other than the affidavit of defendant. Reuben Kantrowitz; unsupported by any other *Page 552 
concurring testimony or corroborating circumstances. To permit a decree, regularly entered, to be opened upon that type of proof cannot but tend to destroy or materially affect the conclusiveness which such decree imports. Proof of a far more satisfactory nature, especially in the face of a denial by the person charged with having made such alleged arrangement, will be required before this court will disturb any such decree or the stability of the rights established hereunder. Marsh v.Lasher, 13 N.J. Eq. 253; Philadelphia Life Insurance Co. v.Fidelity, c., Co., 244 Pa. 236; 90 Atl. Rep. 632; McKee v.Verner, 239 Pa. 69; 86 Atl. Rep. 646; 44 L.R.A. (N.S.) 72.
Said defendant's uncorroborated statement regarding his alleged arrangement with complainant's solicitor to withhold filing of answer might properly be disregarded in view of the latter's unqualified denial and the well settled rule requiring the admissions and agreements made out of court by parties or their solicitors with respect to the conduct or prosecution of the litigation pending between them to be in writing and subscribed by the persons making them. Marsh v. Lasker, supra; Caldwell
v. Estell, c., West, 20 N.J. Law 326; Wilson v. King, 23 N.J. Eq. 150.
Here, however, the denial of complainant's solicitor finds corroboration, strong and convincing, in the extreme improbability that he, in the face of his previous refusals to grant further extensions for even limited periods of time, would have made any such arrangement whereby defendants would be invested with the power, by merely withholding their answer, to arrest, sine die, the further prosecution of complainant's action. Nor has any reason been advanced for the failure of defendants' solicitor, present at the time the arrangement is alleged to have been made, to make an affidavit in controversion of said denial or in corroboration of his own clients' statement. Moreover, defendants' own action, in attempting to have filed their answer, at a time when they themselves do not claim the alleged negotiations had yet terminated, is inconsistent with the existence of any such arrangement as is on their behalf claimed. In the face of such evidence, the conclusion is inevitable that no such arrangement was ever made. *Page 553 
Defendants further insist that such an arrangement might even be inferred from the signed consent endorsed upon the answer to its filing as of time. Not so. By said consent defendants were at most restored to their then lost opportunity to have their day in court and not invested with the power, by merely withholding the filing of said answer, to indefinitely prevent complainant from having its day in court. It was incumbent upon them, in order to avail themselves of the benefits of the consent thus obtained, to promptly file and not indefinitely withhold said answer.
The conclusion is here irresistible that defendants' default was occasioned by neither accident, mistake or surprise, nor by the neglect of their solicitors, and hence it is unnecessary for me to consider whether their petition and affidavits show their proposed defense as being a meritorious one.
The application will be denied, and the order to show cause is discharged. *Page 554