The Walters Company, Incorporated, one of the defendants herein, pursuant to an order to show cause heretofore obtained by it, now seeks an order opening and vacating the decrees, proconfesso and final, heretofore entered against it, for the purpose of permitting it to file an answer to the bill of complaint in foreclosure filed by complainant against it and others therein named.
An inspection of the file and the affidavits submitted discloses that on March 23d 1931, Katherine L. Walters and August Walters, her husband, two of the defendants herein, executed and delivered to complainant on March 23d 1931, a bond and mortgage in the sum of $3,600; that they thereafter, on June 8th, 1931, also executed and delivered to defendants Max Chonovsky and Gussie Chonovsky, another bond secured by a second mortgage on the same premises, in the sum of $2,000, after which they, on September 7th, 1932, conveyed the said mortgaged premises to defendant, The Walters Company, Incorporated.
On January 1st, 1934, and while The Walters Company, Incorporated, was the owner thereof, the mortgaged premises *Page 477 
was damaged by fire and as a result of which it subsequently received from its insurance carrier in settlement of said loss the draft of the latter in the sum of $1,833.34. Without any authorization from his company's board of directors, August Walters endorsed and forwarded said draft to complainant, accompanied by his authorization to apply the proceeds thereof in the manner which complainant's secretary had previously suggested to him, which suggestion was accompanied by the former's assurance that in this manner The Walters Company would be secured against any and all arrearages under complainant's mortgage since the retired shares could be utilized for the purpose of satisfying any and all arrearages in dues and interest up to the amount of $1,000.
Notwithstanding that arrangement and under the pretext of a then existing default in the terms of the said bond and mortgage then held by it, complainant filed its present bill of foreclosure. Instead of effecting service of process upon the therein named defendants in the customary manner, complainant contented itself with procuring a mere acknowledgment of service of process not from any of the therein named defendants, but merely from others purporting to be their solicitors. Of the invalidity and inefficacy of that service with respect to defendants Mr. and Mrs. Walters, complainant was fully cognizant; that fact, as conceded by complainant's solicitor himself, having been directly called to his attention by defendant, August Walters.
Despite this and the fact that complainant's solicitor had led defendant to believe that the foreclosure proceedings would be held in abeyance, complainant thereafter caused a decree proconfesso to be entered against all of the defendants on September 24th, 1936, a final decree to be entered on February 18th, 1937, and a sale of the mortgaged premises to be made to it on March 29th, 1937, by the sheriff for the nominal sum of $100, all without notice to any of the defendants.
Although the petitioning defendant, upon learning of these facts, promptly offered to redeem the mortgaged premises by paying complainant the amount adjudged to be due it by the *Page 478 
final decree, interest thereon and all other foreclosure costs incurred by it, complainant refused to permit it to do so, but instead entered into an agreement with The Woodland Club for the sale to and the purchase by the latter of the property in question, for the sum of $3,750, although the total sum then due to it on the decree, plus interest, together with taxed costs and sheriff's fees was but the sum of about $2,272.71. Thereupon said defendant promptly filed its petition for leave to redeem which was subsequently supplanted by its petition to open and vacate the said decrees to the end that it might be permitted to file its answer to the complaint.
From the evidence which was thus adduced, I am constrained to the view that not only has defendant shown surprise and a meritorious defense, but also that the complainant has perpetrated a fraud upon it as well as upon this court in the procurement of the default decrees in question, and in its present attempt to resist the opening and vacating thereof. For, instead of disclosing to this court — as it, under the circumstances, was in duty bound to do — the invalid and inefficacious service of process upon defendants Walters, of which fact it was then fully aware, complainant deliberately proceeded to enter said decrees against them as well as against the other defendants.
In furtherance of its imposition upon this court and for the purpose of inducing this court to dismiss defendant's present application — thereby enabling it to secure for itself an ill gained profit of about $1,500 — complainant caused to be prepared and presented to this court an affidavit of one Leonard Seals, several of the statements in which, however, the said affiant recanted in a subsequent affidavit which he gave to defendant, and in which he stated that, complainant's representative, after reading only certain parts to him and without affording him an opportunity to read the remainder thereof, instructed him to sign it. In addition to that affidavit, complainant presented another affidavit of one William S. Hawley, wherein that affiant deliberately denied ever having acted as agent for Walters Company or August Walters in any transaction, but on the contrary stated that he had *Page 479 
acted as agent for the Woodland Club alone. In contradiction of that affidavit, however, defendant produced a written lease which disclosed that it had been made between the affiant William S. Hawley, as agent for August Walters, and not for the Woodland Club, for which Herman Goetz, John T. Connell and N.W. Butler, appeared as agents, and which lease was actually signed by said affiant as agent of August Walters, and by the last named three persons as agents for the Woodland Club.
No excuse nor any explanation has been offered by complainant for its conduct, reprehensible, indeed, in having caused to be prepared and submitted to this court the unquestionably false affidavits hereinabove referred to. To permit the complainant to retain the benefit of the default decrees procured by it under the circumstances here shown, would be to condone and sanction by acquiescence the imposition and fraud practiced by it upon this court. This the court cannot and will not do; its power and duty in the premises being clear and unalterable.
A court of equity, either upon its own motion or that of an aggrieved party, will unhesitatingly set aside any of its decrees or orders shown to have been procured through fraud practiced upon it. Boulton v. Administrators of Scott, 3 N.J. Eq. 231;Tomkins v. Tomkins, 11 N.J. Eq. 512; First Baptist Church ofHoboken v. Syms, 51 N.J. Eq. 363; Schweitzer v. Bonn, 55 N.J. Eq. 107.
To open or vacate such a decree or order, it is not necessary that an original bill be filed; a verified petition and an order to show cause in the cause being sufficient to initiate such a proceeding. Cattrell v. Tracey, 121 N.J. Eq. 96;Wimpfheimer v. Prudential Insurance Co., 56 N.J. Eq. 585. And where, as here, the complainant is the purchaser at the foreclosure sale, a proceeding to set aside the sale may be initiated by a verified petition filed in the cause. Campbell
v. Gardner, 11 N.J. Eq. 423; Rosenblatt v. Premier Dyeing Co.,Inc., 101 N.J. Eq. 569.
Nor can there now be any doubt of the power and authority of this court to open decrees, even though regularly obtained *Page 480 
by default, to the end that a meritorious defense may be interposed, where the right to do so has, through accident, mistake, surprise or neglect of one's solicitor, been forfeited and barred. Miller v. Hild, 11 N.J. Eq. 25; Brinkerhoff v.Franklin, 21 N.J. Eq. 334; Embury v. Bergamini, 24 N.J. Eq. 227; Emery v. Downing, 13 N.J. Eq. 59; Carpenter v. Muchmore,15 N.J. Eq. 123; Day v. Allaire, 31 N.J. Eq. 303; Morris v.Hinchman, 32 N.J. Eq. 204; Boyer v. Boyer, 77 N.J. Eq. 144;William v. Lowe, 79 N.J. Eq. 173; Sandford v. Wellborn,85 N.J. Eq. 577; O'Neill v. Linowitz, 92 N.J. Eq. 179; Avidan v.Kaplan, 106 N.J. Eq. 43.
In view of the foregoing, defendant is entitled to have the decrees pro confesso and final opened and vacated to the end that it may be permitted to file an answer; an order in conformity with these views may be entered. *Page 481