OF

## THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1912

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

In the matter of the alleged will of JOHN CASSIDY, deceased.

[Decided February 27th, 1912.]

1. An orphans court is a court of general jurisdiction over the subjects within its cognizance and partakes of the powers of the chancery and prerogative jurisdictions.

2. *P. L. 1898 p. 715*, creating the orphans court, is remedial in its nature and is to be liberally construed.

3. Under *P. L. 1898 p. 715 § 2*, which declares that the orphans court shall have "full power and authority to determine all controversies respecting the existence of wills," and section 174 *et seq.*, which provides for process to compel the appearance of any person before the orphans court and the making of orders for publication and for the enforcement of decrees, it has the power to inquire whether a writing executed as a will, and that was in existence unrevoked at the time of the testator's death, has been since lost or destroyed, and, if so, to prove the contents thereof.

163

On appeal from Sussex orphans court.

*Mr. Henry Huston,* for the appellant.

*Mr. Henry C. Hunt,* for the respondents.

PITNEY, ORDINARY.

Application was made to the orphans court by Samuel Cassidy, Jr., setting up that John Cassidy, deceased, had left a paper-writing purporting to be his last will and testament, of which the petitioner was the sole executor; that at the time of John Cassidy's death the paper-writing was in existence, and that since that time it had been lost. The petitioner prayed that the orphans court, upon proper proof being made of the contents of the paper-writing, would admit it to probate and issue letters testamentary thereon to the petitioner. The orphans court dismissed this petition upon the ground that the court had not power and jurisdiction to try the matters alleged in the petition and grant the relief prayed for.

By the act respecting the orphans court, &c. (*P. L. 1898 p. 715*), it is in section 2 enacted that

"The orphans court shall have full power and authority to hear and determine all controversies respecting the existence of wills   *   *   * and all causes in said court may be heard in a summary way and determined by the court."

Subsequent sections provide for the issuance and service of "process for the appearance of any person before the orphans court," including service on non-residents and the making of an order of publication; provide for the taking of testimony and the enforcement of decrees, &c. *P. L. 1898 p. 782* § *174,* and succeeding sections.

It has been repeatedly held that the orphans court is a court of general jurisdiction over the subjects committed to its cognizance; that it partakes of the powers of the chancery and prerogative jurisdictions, and that the statute creating it, being remedial in its nature, is to be liberally construed. See cases cited in *Koch. Orph. Ct. Pr. 1,* &c.

It seems to me that the grant of "full power and authority to hear and determine all controversies respecting the existence of wills," fairly includes the power to inquire whether a paper-writing, that was executed as a will and that was in existence unrevoked at the time of the testator's death, has been since lost or destroyed, and if so, to prove the contents thereof. I do not see that this function is essentially different from the function of determining whether a paper-writing that is in existence has been revoked in whole or in part. See *Frothingham's Case, 75 N. J. Eq. (5 Buch.) 205; 76 N. J. Eq. (6 Buch.) 331,* and similar cases.

The decree under review will be reversed, and the record remitted to the orphans court, to the end that further proceedings may there be taken in accordance with the law and the views above expressed.