OF

## THE STATE OF NEW JERSEY.

## 1922.

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL AND JOHN BENT-
LEY, VICE-ORDINARIES.

## In re HATHORN'S Will.

[Decided April 10th, 1916.]

1. Judgments are under the control of the court which pronounces them, during the term at which they are rendered or entered of record; and they may be set aside, vacated, modified or annulled by that court.

2. The orphans court is a court of general jurisdiction over the subjects within its cognizance and partakes of the powers of the chancery and prerogative jurisdictions.

3. An order of the orphans court vacating and setting aside a decree in this cause was within the power of that court. *Quære:* Could the orphans court have vacated the decree after the term wherein it was made and filed?

4. A party cannot be deprived of the right of appeal from a decree of the orphans court where all parties fall into error as to whether the decree had been made and filed, and treat it, and proceed in that cause as though it had not been.

5. Although parties are obliged to watch the dockets of the courts and inform themselves of the entry of decrees and. orders, nevertheless circumstances may arise which, if they do not absolve them from the duty, operate to relieve them of the consequences of their failure.

6. Where a decree has been entered in the orphans court on appeal from the surrogate, and both parties, appellant and respondents, were ignorant of its entry, and counsel for the successful parties gave notice to the adverse party of a motion to settle the decree, and, on such motion, the form of the decree presented was amended so as to include a counsel fee for the unsuccessful party, and the judge, apparently resting under the same mistake as counsel for both parties to the effect that no decree had been entered, signed and filed another, the time for appealing from the decree of the court commenced to run from the filing of the last decree; and the orphans court afterwards, on motion, properly vacated the first decree.

On appeal from the orphans court of Essex county.

In the matter of the probate of a paper purporting to be the last will and testament of Frederick Crane Hathorn, deceased.

From a decree affirming an order admitting the will to probate Mary L. Hathorn appeals.

Note.—This case was omitted by inadvertence from the New Jersey Equity Reports at the time the opinion was rendered.

*Mr. M. Casewell Haine,* for the appellant.

*Messrs. Pitney, Hardin & Skinner,* for the respondents Pearce and others.

WALKER, ORDINARY.

The surrogate of Essex county admitted to probate the will and codicil of Frederick C. Hathorn, deceased. Appeal was taken to the Essex county orphans court, and was heard

by Judge Osborne, the hearing being concluded on July 2d, 1915. Decision was reserved, and the proctors of the parties were requested to submit briefs within a limited time, and to inclose with them such form of decree as they might respectively desire to be entered. This was done. On November 16th, 1915, Judge Osborne filed a written opinion, and signed a decree which had been inclosed to him by proctor for proponent, affirming the order of the surrogate admitting the will and codicil to probate. Counsel of the respective parties were immediately notified of the rendering of the opinion, but were not informed of the signing and filing of the decree. Proctors for the executor of the will, in ignorance of the making of the decree of November 16th, 1915, gave notice to proctor for Mary L. Hathorn that they would apply to Judge Osborne on December 7th, 1915, to settle the decree in the cause; and proctors for A. Swinton Pearce, proponent, gave a like notice. On December 7th, 1915, proctors of the respective parties appeared before Judge Osborne and a form of a decree, admitting the will to probate, was submitted by proctors for the proponent. Proctor for Mary L. Hathorn, appellant, moved for the allowance of a counsel fee, and, after argument on that question, Judge Osborne announced that he would allow a reasonable counsel fee and took the papers. On December 9th, 1915, another decree was entered and filed similar in all respects to the one made and filed November 16th, 1915, including that date, except for the addition of an allowance of a counsel fee to counsel for Mary L. Hathorn, with direction that it be paid from the estate of the deceased; and on January 15th, 1916, the orphans court made an order vacating its decree of November 16th, 1915.

The matter now comes up on motion on behalf of A. Swinton Pearce and Susie A. Pearce to dismiss an appeal taken by Mary L. Hathorn on January 5th, 1916, from the decree of the Essex county orphans court dated November 16th, and filed December 9th, 1915, on the ground that the appeal was not taken within the time limited by law and the rules of the prerogative court, and an appeal by the

Pearces from that part of the order of the orphans court dated January 15th, 1916, vacating its decree of November 16th, 1915. If the decree actually entered November 16th, 1915, is to be regarded as the decree of the orphans court, and that dated on that day, but actually filed on December 9th is not to be so regarded, then the appeal of Mary L. Hathorn was taken out of time, that is, more than thirty days after the making of the decree. And this results if the orphans court had no power to vacate its first decree.

Although parties are obliged to watch the dockets of the courts and inform themselves of the entry of decrees and orders, nevertheless circumstances may arise which, if they do not absolve the parties from that duty, operate to relieve them of the consequences of such failure. And the case before me is pre-eminently such a case.

It appears that after the argument of the cause before the judge of the orphans court both parties sent him, at his request, briefs, with a form of a decree which they desired to be entered, and they were subsequently notified by the surrogate of the filing of an opinion, but not of the decree. Counsel for the successful proponent, in ignorance of the signing and filing of the form of decree which they had submitted, gave counsel for appellant notice that they would move the orphans court on December 7th, 1915, twenty-one days after the making and filing of the decree, to settle the decree in the case. Clearly this gave counsel for appellant to be informed that no decree for the proponent had been entered, and, responding to the notice, counsel for appellant attended, and, in the presence of counsel for proponent, applied for a counsel fee, and, two days later, December 9th, 1915, the judge of the orphans court, apparently resting under the same mistake as counsel for all the parties, filed another decree similar in all respects to that filed November 16th, 1915, save as to the allowance of a counsel fee, which subsequent decree was not filed until December 9th, 1915. as already stated. Afterwards, the entry of the decree of November 16th, 1915, coming to the knowledge of proctor for Mary L. Hathorn, he made a motion on her behalf to

the orphans court to strike out that decree on the ground that it had been made inadvertently and by mistake. That court, the premises considered, by an order dated January 15th, 1916, vacated and set aside the decree made and entered November 16th, 1915, and ordered that the decree filed December 9th, 1915, be made the decree in the cause disposing of the appeal from the surrogate. If this order was within the power of the orphans court to make, it is entirely dispositive of the question before me, for it resulted in establishing the decree filed December 9th, 1915, as the only decree in the cause in the orphans court, and it was made within the same term in which the former decree was filed. I am of the opinion that this action of the orphans court was within its power.

The supreme court in *Fraley v. Feather, 46 N. J. Law 429,* held:

"Judgments are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, modified, or annulled by that court."

Chancellor Pitney, as ordinary, in *Re Cassidy's Will, 80 N. J. Eq. 163; 82 Atl. Rep. 920,* following the line of decisions, held:

"An orphans court is a court of general jurisdiction over the subjects within its cognizance, and partakes of the powers of the chancery and prerogative jurisdictions."

Now, as the orphans court is a court of general jurisdiction with reference to the probate of wills, it has the inherent power to control its own decree probating a will, and to vacate or amend it as right and justice may require.

If anything were wanting to show how the Pearces regarded the decree filed December 9th, 1915, as the decree in the cause, it is only necessary to refer to the fact that they took an appeal from that part of that decree which awarded a counsel fee to counsel for appellant to be paid out of the estate of the decedent, on the ground that such allowance was illegal and improper. This was a tacit recognition of the decree filed December 9th, 1915, as being the decree of the

orphans court in the cause, at least the other side had a right to so regard it. They might have limited the effect of the appeal by stating in it that they did not concede the part unappealed from as being the decree of the court, but regarded and relied upon the decree of November 16th, 1915, as being the decree disposing of the question of probate. So here was another practical notice to appellant that proponents regarded the decree filed December 9th, 1915, in its entirety, as the sole and only decree of the orphans court.

I do not wish to be understood as holding that in the circumstances of this case the orphans court would have been powerless to vacate its decree of November 16th, 1915, after the term wherein it was made and filed, that question not being involved.

If a party cannot be deprived of his right of appeal, by a mistake of a surrogate, even after the lapse of the statutory time, as was held in *Mount v. Van Ness, 84 N. J. Eq. 523,* surely that ought not to be denied where both parties fall into error as to whether a decree had been filed, and treat it as not having been filed, and proceed in the cause as though it had not been filed.

Assuming that if nothing had occurred for thirty days after the signing and filing of the decree of November 16th, 1915, namely, up to December 16th, 1915, the right of appeal on behalf of Mary L. Hathorn was lost, nevertheless, as stated, the notice given to her proctor by the proponents of a motion before the orphans court on December 7th, 1915, for the settlement of the decree, amply excused counsel for appellant from thereafter looking at the docket to see whether any decree had been entered, for he was, by such notice, definitely given to understand by counsel for the adverse parties that no decree had been entered, and therefore the time for appealing ran for thirty days after the filing of the decree of December 9th, 1915, within which time it was taken. It makes no difference whether the action of the adverse party which operates to prevent the aggrieved party from appealing is the result of honest mistake. *Mount*

v. *Van Ness, supra* (*at* p. *528*). But, as before remarked, the action of the orphans court in vacating the earlier decree, being within its power, is dispositive of the matter.

The views above expressed lead to a denial of the motion to dismiss the appeal of Mary L. Hathorn and to an affirmance of the order of the orphans court of January 15th, 1916, vacating its decree of November 16th, 1915.