OF

# THE STATE OF NEW JERSEY.

## 1923.

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL AND JOHN BENT-
LEY, VICE-ORDINARIES.

In the matter of the estate of WILLIAM L. BIGELOW,
deceased.

[Decided May 24th, 1923.]

The provision in prerogative court rule 59 that a copy of a notice
of appeal to this court shall be served on the adversary party within
five days, unless *the* court shall grant further time, means that the
prerogative and not the orphans court or the surrogate shall have
that power where the appeal is from the latter court or the surrogate.

On appeal from the orphans court, &c. On petition for
direction as to serving notice of appeal on certain non-resi-
dents.

46 (721)

*Messrs. Lindabury, Depue & Faulks,* for the motion.

WALKER, ORDINARY.

A petition of appeal from a decree of the orphans court of Bergen county having been filed by Marvin Olcutt, executor, &c., it became his duty to serve a copy of the notice of appeal upon the respondents under rule 59 of this court, which reads as follows:

"Notice of appeal from the order, sentence or decree of the orphans court, or from proceedings of any surrogate, to this court, shall be filed with the surrogate; said notice shall state shortly the parts of the order or decree appealed from, and a copy thereof shall, within five days from the filing thereof, unless the court shall, in its discretion, grant further time, be served upon the adverse party, or upon his proctor if he appeared by proctor in the court below."

Two of the respondents, Charlotte K. Smith, executrix, &c., and Elmer J. Chamberlin, executor, &c., reside out of the State of New Jersey, and the appellant has been unable to serve them within the time provided for in the rule, and now applies for an order extending that time.

It is to be observed that the rule provides that a copy of the notice of appeal "shall, within five days from the filing thereof, unless the court shall, in its discretion, grant further time, be served," &c. It will be noticed that the language employed is "the court" not saying whether the prerogative or orphans court, or the surrogate, who also holds a court (*Mellor* v. *Kaighn, 89 N. J. Law 543*), shall have the power to extend the time.

The effect of filing an appeal is to prevent the decree in the court below from destroying or impairing the subject of the appeal or being in any degree used for that purpose. *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. 647.* And while an appeal removes the cause and the potential record to the appellate tribunal, it does not remove the papers constituting the physical record in the court below, whose jurisdiction, pending appeal, still exists for purposes not inconsistent with the jurisdiction of the appellate court. *Bull* v. *International Power Co., 84 N. J. Eq. 209;*

*In re Wandell, 92 N. J. Eq. 195.* See, also, *Ashby* v. *Yetter, 78 N. J. Eq. 173.* However, the question before me does not depend upon the limited jurisdiction residing in the orphans court, after and pending appeal; but is to be determined by the meaning of the language used in the rule. I am of opinion that when the rule of the prerogative court says "the court," and the meaning can at least as well be applied to that court as to the orphans court, it should be held to comprehend an exercise of power by this court. If it were intended to bestow it upon the orphans court it would have been easy to have said "orphans court." I think the word "the" in the rule should be held to be equivalent to "this," meaning "this court"—that is, the prerogative court. Therefore, on appeal from the orphans court to the prerogative court, it is the prerogative and not the orphans court that has the power to enlarge the time for serving copies of the notice of appeal. This view is entirely consistent with the exercise of appellate jurisdiction.

The order applied for for extending time will be granted.