This is a motion to dismiss an appeal taken from a decree of the orphans court of the county of Essex. The motion to dismiss is based upon the failure of the appellants to file their transcript within thirty days from the filing of the notice of appeal in the orphans court.
The facts are, under the will of Herman Ahrend, a life estate is given to Anna Ahrend, his wife, with the remainder to his five children. Anna Ahrend, his widow, and Henry Ahrend, his son, were appointed the executors. The prosecutrix of this motion to dismiss is Ada Crum, one of the children and remaindermen of said Herman Ahrend. The letters of executorship were issued on January 15th, 1917, and no account having been filed in the orphans court up to June, 1924, a petition was filed with the orphans court praying for a rule to show cause why the account should not be filed, which petition was dated October 28th, 1924. The rule to show cause issued thereunder was continued from time to time to December 5th, 1924, at about which time an order was made, returnable February 5th, 1925, directing the executors to account, which time for accounting was later extended to February 15th, 1925. The executors still failing to file the account, an order to show cause why the executors should not be held in contempt was issued by the Essex county orphans court, returnable February 20th, 1925, which order was continued to February 27th, 1925, and on March 2d 1925, an order for contempt was entered by that court. Thereupon, on March 4th, 1925, the account was filed, and on February 9th, 1925, exceptions were filed by the prosecutrix *Page 330 
of this motion, to said account, involving about $27,000. These exceptions were referred for hearing to the Honorable Charles F. Kocher, an advisory master, and he took testimony and on July 23d 1925, sustained all of the exceptions excepting those involving the overpayment of income to the life tenant, as to which he directed that the accountants restate their account to separate corpus and income so that the advisory master might properly determine the remaining exceptions. The accountants failed to file such restated account, and on August 25th, 1925, an order was made directing that they do so by September 1st, 1925, and, when they failed to comply with said order, a further order was issued by the orphans court, returnable October 23d 1925, directing the said executors to show cause why they should not be held in contempt for failing to comply with the order of said court, which order was continued from time to time until October 29th, 1925, and the restated account finally filed. Exceptions were taken to said restated account because of the inclusion of items already ruled upon by the orphans court, and upon other grounds, which exceptions were heard by the advisory master, sustained, and a decree entered December 11th, 1925, in accordance with the findings of the advisory master, as a result of which the balance as appearing in the account originally filed was increased by at least $20,000.
Thereupon, on January 8th, 1926, a notice of appeal was filed in the orphans court. No transcript was ever filed. A motion to dismiss was made, returnable February 16th, 1926, on which date an order of continuance was made by the court, returnable February 23d, which order was entered by consent of proctors for appellants and respondent. By stipulation and agreement between the proctors the matter was then continued from time to time until a notice was finally given by the proctor for the respondent that he would appear before this court and move his motion Tuesday, March 30th, 1926. On that day the proctor for the appellants did not appear. The matter was adjourned until Thursday, April 1st, when proctor for the appellants and the proctor for the respondent both appeared. *Page 331 
It will appear from the foregoing that, although the transcript should have been filed under the rules no later than February 8th, 1926, it has not yet been filed. Although almost two months have elapsed, and well over a month has passed since proctor for the appellants was served with the notice to dismiss, based upon the failure to file the transcript, no application has been made heretofore to this court for permission to file the transcript out of time. No request has been made to the clerk of the orphans court to have the transcript made up, and as the number of orders and petitions filed in this matter is great, and there was testimony taken, it could not be prepared in a short time even if applied for right away. If proctor for the appellant desired to perfect his appeal, he should have done so immediately on receiving notice of a motion to dismiss, instead of adjourning the motion, without any other action for nearly two months.
Proctor for appellants requests fifteen days further time to file his transcript, but, in view of the long delay already existent, this should not be granted. He offers no reasonable explanation for his dilatoriness, and does not seek to show that there is any merit in his appeal, save by a general statement that there is merit.
The exceptions involved the mingling of the corpus and income and the amount which the orphans court surcharged the executors on this score represented the overpayment of income to life tenant out of principal, which appeared from the account filed by the appellants. In other words, the account showed that the life tenant had been paid a greater amount of income than the account showed had been collected by the executors, and with that amount the orphans court surcharged the executors.
Another exception involved the payment by the accountants to themselves of commissions in advance of a decree of the orphans court, which exception the orphans court properly sustained.
A further exception involved the prayer by the accountants for an allowance of the sum of $5,357.89 on the theory that that represented the estate's claim against the Feick estate, *Page 332 
and that the whole amount of it was valueless. Checks from the Feick estate, showing payments on account of this claim, were offered in evidence, and the exception sustained in the amount of such payments, receipt of which was admitted.
The accountants also prayed allowance in the sum of $5,000 for mortgages of the estate transferred to the life tenant, which exception was also sustained, and the error of the payment admitted at the hearing by the accountants.
Exception was also taken to the payment by the accountants of $10,514.31 for the purchase of a house for the life tenant, title to which was taken in the name of the life tenant, who is one of the executors, and one-half of which was subsequently conveyed by such executrix life tenant to the other executor. This manifest improper use of the funds of the estate was disallowed by the orphans court and the exceptions sustained.
In the restated account allowance was prayed by the accountants for the payment of inheritance tax by the estate, which tax, being payable by the beneficiaries and not by the estate, was disallowed as a disbursement by the executors, the court holding that it should not be charged against the estate as a whole but against the interests of the beneficiaries.
Despite the fact that the court had ruled that the house purchased for the life tenant with the estate's money was improperly purchased, and that the executors should return the money so paid, the accountants in the restated account prayed allowance for the installation of a boiler in that same house and for the making of repairs, both of which items were disallowed and the exceptions sustained.
Exception was also taken to the failure of the accountants to specify the assets of the estate in their restated account, which exception was also sustained.
The court also, in view of the fact that the proctor for the exceptant had succeeded on all the exceptions, and in view of the service rendered the estate in increasing its size, allowed counsel for the exceptant a counsel fee of $5,000, payable out of the estate. The court also refused to allow commissions to the accountants because of their management of *Page 333 
the estate, except upon income, and granted to the proctor for the accountants for his services in preparing the account a counsel fee of $1,500.
The appeal taken involves practically all of these findings by the orphans court excepting the one as to the transfer of $5,000 worth of mortgages and the one involving the Feick claim. I do not think there is any merit in this appeal. No new or novel question was presented or decided by the orphans court but one involving fundamental law in which no manifest or obvious error appears.
While I realize that this court rarely exercises its discretionary power of dismissal except where lack of diligence is shown, or there is no real merit in the appeal, I believe this case comes squarely within such proviso. Counsel should not be allowed to fail to live up to the court rules unless for some real excuse satisfactory to the ordinary.
See McKenzie v. Minard, 67 Atl. Rep. 936, where the ordinary dismissed an appeal in which the transcript was but one day late.
I will advise an order dismissing the appeal.