On March 18th, 1927, an order was made in the Essex county orphans court admitting to probate a paper-writing *Page 18 
purporting to be the last will and testament of Mary E. Faitoute. Notice of appeal was filed within the time required by the statute. Copy of this notice was not served within five days, as required by the rules. Service was attempted on May 11th, 1927, but opposing counsel refused to accept service.
This is a motion for an extension of time for the service of such a copy and for the further perfecting of the appeal. I heard the motion on May 17th, and directed counsel to file memoranda. Appellants' memorandum was filed June 24th. Respondents' was filed on August 18th.
Respondents complain that appellants did not promptly prosecute their appeal within the time limited by the rules. I may say in passing that respondents' memorandum was not sent to me as expeditiously as I should have supposed from those who were complaining about delay on the part of their opponents. However, the matter to be now decided is whether this court shall allow counsel further time to perfect the appeal.
It is admitted that it is in the discretion of the court whether the extension should be granted.
Notice of appeal was filed within the required time. Copy of the notice of appeal was not served within the required time. Appellants contend that the notice of appeal having been filed within time, this court should, as of course, grant them further time in which to perfect their appeal. To this I cannot agree.
The rules of the court are explicit and should be observed to the letter unless some reason appear which would justify the court in excusing the laches.
The will in dispute was made by a woman who neglected the ordinary objects of her bounty and left the major part of her estate to a distant relative and to charity. Lack of testamentary capacity is alleged.
A large amount of testimony was taken — over two thousand pages — before the learned judge presiding in the orphans court. He decided that she was competent, but questions such as these are close ones, and it seems to me that *Page 19 
her only child and her grandchildren should have the benefit of the judgment of the highest court in such a matter.
The estate is now in the hands of the Fidelity Trust Company and is in no danger of being dissipated.
Counsel has cited cases which hold that this court has heretofore exercised its discretion along these lines, but an elaborate discussion of them is unnecessary because it is conceded that this court in its discretion can grant an extension.
As I have before said, I think, after an examination of the case in the court below, that appellant should have the opportunity to obtain the judgment of the highest court on the question submitted, and should no be precluded therefrom by the laches of counsel.
I will grant an extension of time within which to perfect the appeal, but the time within which this is to be done must be a short one and must be specified in the decree. *Page 20