One Arthur McConnell died, leaving a last will and testament which has been admitted to probate, wherein and whereby he bequeathed and devised to his widow, the respondent, all of his property. He appointed the respondent and his son James executors and trustees in said will. Thereafter, James died and by his will bequeathed and devised to his widow, the appellant, all his property. In the will of Arthur, he directed the payment of all his just debts "and funeral expenses" and authorized a monument for his grave, to cost *Page 688 
not more than $1,500. Immediately after the death of Arthur, James and his sister purchased a burial plot in the cemetery in which Arthur's body was interred. This plot is capable of being utilized for sixteen graves. The evidence of the ownership of the plot was taken in the name of James individually. The appellant maintains that it was the property of her late husband and, therefore, under his will is now vested in her; while the respondent maintains that it was purchased by James out of the money in the hands of James in his fiduciary capacity, and that the plot is one of the items of the estate of Arthur.
As a result of a proceeding initiated in the orphans court by the respondent, a decree was entered in that court on December 14th, 1927, whereby the plot was declared to be a portion of the estate of Arthur and not to have belonged to James individually. It is from that decree that this appeal is taken.
The petition filed in the orphans court by the respondent was under an act entitled "a supplement to an act entitled an act respecting the orphans court and relating to the powers and duties of the ordinary and the orphans court and surrogates."P.L. 1920 p. 475. The act declares it shall be lawful for any executor, administrator or trustee to petition the orphans court for its advice and direction "in regard to any matter or thing in connection with the administration of his trust." The remainder of the statute clothes the court "with power to make such order or decree in the premises as it shall deem advantageous to the persons in interest," and to regulate the conduct of any business in which petitioner's decedent's estate may be invested. I am unable to find anything in this act which will support the decree of the orphans court. The legislature used the broad language quoted above, in contemplation of the constitutional limitations upon the jurisdiction of that court and the reason presently to be discussed.
The present trend of legislation and of the policies shaped by the courts is to abandon any effort to create an esoteric science of the law. In broadening the helpfulness of the court in assisting fiduciaries named in the statute, the act of 1920 *Page 689 
permits of an easier and broader approach to the court by one in a representative capacity, to obtain the guidance of the court upon any matter of doubt or difficulty where a mistake upon his part, although entirely honest, may subject him to personal loss. But recourse to such a proceeding must necessarily be confined to matters over which the orphans court is clothed with jurisdiction. If the scope of the act were such as that for which the respondent contends, it would invest the orphans court with every civil jurisdiction possessed by any of our courts, if the argument is carried to its logical conclusion.
Any other interpretation of the enactment would fly in the face of numerous decisions of the court of errors and appeals on the exclusiveness of the respective jurisdictions of the constitutional courts of the state. The real decision from which this appeal is taken is that a resulting trust was created when James purchased the cemetery plot in question. 1 Perry Trusts
§§ 124 et seq. Now it surely requires neither argument nor authorities to convince anyone that the court of chancery alone can be clothed with jurisdiction over matters involving a trust of this kind.
I agree with counsel for the respondent that the orphans court is a court of general jurisdiction "over the subjects committed to its cognizance." In re Cassidy, 80 N.J. Eq. 163. The difficulty with his position is that the legislature has not committed, and cannot commit, the subject of trust to any other court than the court of chancery. I also agree with him that the orphans court is empowered to decide any question in controversy which is incidental to the determination of any issue over which it has jurisdiction. It may well be, as he argues, that in the determination of an account, the statutory court could pass upon this very question as an incident to its decision in the accounting. In re Fulper, 99 N.J. Eq. 293. The difficulty, however, is that the respondent's petition put in issue but one question, which was whether James purchased and held the cemetery plot in trust or in his own right.
The decree of the orphans court should be reversed. *Page 690