The subject-matter of this appeal concerns the propriety of the decree and order entered by the Ordinary, upon the advice of Vice-Ordinary Berry, relating to the probate of the alleged last will of one Edward J. Casey, deceased.
1. By the final decree, dated July 5th, 1939, the order of the Ocean County Orphans Court, dated July 25th, 1938, and entered July 29th, 1938, admitting to probate an unexecuted paper-writing purporting to be a carbon copy of the last will and testament of one Edward J. Casey, deceased, and ordering *Page 102 
that letters testamentary thereon issued to John J. Casey, executor therein named, was reversed.
The original will of Edward J. Casey, deceased, was alleged to have been lost.
This contest is between appellant, John J. Casey, who is a half-brother of deceased, and respondents, Geraldine McLaughlin, Mildred McLaughlin Diehl and Edward McLaughlin, nieces and nephew of deceased, the children of Josephine Casey McLaughlin, a deceased sister of the full blood of Edward J. Casey, deceased. Under the will as probated appellant inherits the entire estate of deceased. Respondents, as next of kin, claim that the will was improperly probated and that they are entitled to the estate of the deceased because he died intestate.
Appellant from early childhood lived with deceased and his wife.
On April 20th, 1937, deceased executed his will in the office of his attorney, Mr. Arthur Lovell, a member of the bar of this state, and took it away with him. His attorney kept an unexecuted carbon copy thereof.
On many occasions thereafter, and late as February 5th, 1938, it is said that deceased made repeated reference to the existence of his will of April 20th, 1937, and to the contents thereof; that deceased time and time again repeated and emphasized the fact that upon his death, under his will, his entire estate was to go to appellant and in the event appellant predeceased him, his entire estate was to go to the two sons of appellant.
On February 6th, 1938, decedent left appellant's home in Brooklyn, New York, for his home in Lakewood, New Jersey. He was never seen alive again. His body was found in his home in Lakewood about the middle of February, 1938, although his death certificate reads that he died on February 8th, 1938, as the result of suicide by the inhalation of gas.
Search by appellant and his attorney failed to disclose the will of April 20th, 1937. Thereupon appellant on March 1st, 1938, caused an application to be made in Kings county, Brooklyn, New York, for letters of administration upon the estate of decedent. Appellant in that application swore, inter *Page 103 alia, that he made diligent search and inquiry for a will of deceased; that he did not find any such will nor was he able to obtain any information that deceased left any will; and therefore he alleged, on information and belief, that deceased died without leaving a last will or testament. Additionally, he denied that he had any knowledge as to the names or addresses of the next of kin of deceased.
The vice-ordinary concluded that the proofs adduced were not sufficient to rebut the presumption of revocation which arose from the fact that deceased had possession of the will; that the proofs did not exclude every possibility of the destruction of the will by the deceased himself; and that under the proofs there was a possibility that deceased destroyed his will animorevocandi, between February 5th, 1938, and the date of his death. In re Bryan, 125 N.J. Eq. 471; 5 Atl. Rep. 2d 774.
We are entirely satisfied that the challenged decree refusing probate advised by the learned vice-ordinary is correct.
2. By the order of the Prerogative Court, dated March 29th, 1939, the application of appellant here to dismiss respondents' appeal from the order of the Ocean County Orphans Court, dated July 25th, 1938, and entered July 29th, 1938, was denied.
Respondents' notice of appeal was dated September 8th, 1938; it was filed September 13th, 1938. Appellant's application to dismiss that appeal was grounded in the fact that respondents had not taken their appeal within thirty days from the date of the order as required by R.S. 2:31-94 (see also rule No. 59 of the rules of the Prerogative Court). We think that, under the particular circumstances of the case at bar, the challenged order is also correct.
The hearing at the Ocean County Orphans Court commenced and ended on July 1st, 1938. At the conclusion of the hearing the trial judge reserved decision. He called upon respective counsel to supply him with a memorandum of the applicable law. This was done.
Thereafter, without notice to respondents here, or to their counsel, and without opportunity afforded them to approve or object to the order submitted to the court, the trial judge *Page 104 
on July 25th, 1938, signed the order admitting a copy of the alleged last will and testament of Edward J. Casey, deceased, to probate.
It was not until August 30th, 1938, in reply to inquiry as to the disposition, if any, made of the cause, that counsel for respondents first learned of the judge's decision and of the making and entry of the order.
Counsel for respondents promptly wrote to the judge complaining that the form of the order had not been presented to him for his approval or objection; that the order was incomplete, and that, under the circumstances, he should have been advised of the judge's decision and action. The trial judge with equal promptness replied that while he "usually followed" the practice of notifying counsel of his decision, and of giving counsel opportunity to pass upon any order he signed, the usual practice was not followed in this case "through failure of the office." Whether this means his office or the office of the Orphans Court is not made clear.
When these facts were brought to the attention of the vice-ordinary he suggested to counsel for respondents that application be made to the Ocean County Orphans Court for an order extending the time for appeal. Counsel followed that suggestion, with the result that on February 21st, 1939, the judge of the Ocean County Orphans Court extended the time for appeal to and including March 5th, 1939. Then followed the challenged order of the Prerogative Court, under date of March 29th, 1939, denying the application to dismiss the appeal.
We find no occasion to express any opinion as to the validity of the order of the Ocean County Orphans Court extending the time for appeal. We are concerned solely with the validity of the order of the Prerogative Court under date of March 29th, 1939.
While it is true that litigants are obliged to watch the dockets of courts and thus keep themselves informed as to the entry of decrees and orders in litigation in which they are interested, it is equally true that circumstances may arise which, if they do not absolve litigants from their stated duty, do, however, operate to relieve them of the consequences of *Page 105 
such failure. In re Hathorn, 94 N.J. Eq. 371; 97 Atl. Rep. 262;In re O'Mara, 106 N.J. Eq. 311, 316; 151 Atl. Rep. 67.
We know from experience that clerks of courts keep counsel informed as to causes placed on the trial calendar, and that clerks including those of appellate courts, advise respective counsel of record upon the filing of a decision. We also know that the legislature has wisely made it mandatory upon clerks of the several District Courts of our state, whenever any judge of any District Court has reserved decision, to notify the attorneys of the respective parties, or if there be no attorneys, the parties themselves, of the court's determination, when same shall have been made, forthwith by registered mail. R.S. 2:32-87. And upon failure of the clerk to give the required notice, the judge on application by any person aggrieved by such failure, directs the clerk to enter the judgment or determination as of a date fixed by the judge but subsequent to the application and the date so fixed is the date of the final judgment or determination as though the judge had not reserved decision. R.S. 2:32-88.
A statute of like import, applicable to all the courts of our state, would undoubtedly make a substantial contribution to the effective administration of justice.
We are clearly of the opinion that this is just the type of a case in which the disclosed circumstances equitably and justly called upon the Prerogative Court to exercise its unquestionable power to relieve respondents from the ruinous consequences that would have resulted from their failure to have taken their appeal within the time prescribed by law. Cf. In re Bigelow, 94 N.J. Eq. 721; 121 Atl. Rep. 1; In re Faitoute, 102 N.J. Eq. 17;138 Atl. Rep. 465.
The challenged decree and order are affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.
For reversal — CASE, DONGES, JJ. 2. *Page 106