This matter is before the court on a motion to dismiss an appeal from the Orphans Court on the ground that the notice of appeal was not filed within the thirty days limited by law.
A decree was entered in the Orphans Court on the 13th day of January, 1941. The notice of appeal was not actually filed in the court until February 14th, the last day for filing having been February 13th. It appears from the affidavits submitted that the proctor for appellants did not learn of the entry of the decree until January 20th, when he received a copy from the counsel for respondents. The proctor made inquiry of the appellants who told him on January 14th that they themselves had been informed from the surrogate's office that the decree would be entered in about a week. On February 8th, the notice of appeal was sent to Hackensack for filing, but through some mistake, it was not filed until the 14th.
It would seem that appellants had proceeded with due diligence and that it was through no fault of theirs that the filing of their notice was one day late. They are, therefore, entitled to the relief that they now ask, namely, that the appeal be found by this court to have been filed as of time. *Page 168 
The question of the power of the court to grant their relief had been settled by the Court of Errors and Appeals in In re Casey,127 N.J. Eq. 101. The court says:
"While it is true that litigants are obliged to watch the dockets of courts and thus keep themselves informed as to the entry of decrees and orders in litigation in which they are interested, it is equally true that circumstances may arise which, if they do not absolve litigants from their stated duty, do however operate to relieve them of the consequences of such failure. In re Hathorn's Will, 94 N.J. Eq. 371;97 Atl. Rep. 262; In re O'Mara's Estate, 106 N.J. Eq. 311, 316;151 Atl. Rep. 67. * * *
"We are clearly of the opinion that this is just the type of a case in which the disclosed circumstances equitably and justly called upon the Prerogative Court to exercise its unquestionable power to relieve respondents from the ruinous consequences that would have resulted from their failure to have taken their appeal within the time prescribed by law. Cf. In re Bigelow's Estate,94 N.J. Eq. 721; 121 Atl. Rep. 1; In re Faitoute's Will, 102 N.J. Eq. 17; 138 Atl. Rep. 465."
Appellants have submitted a memorandum showing that there is at least a very serious question as to whether the decree appealed from is proper, and if they should lose their right to appeal, it would be disastrous to them.
An order will be advised that the notice of appeal be deemed to have been filed as of time. *Page 169