This is a motion to dismiss an appeal from a decree entered in the Orphans Court on exceptions to the account filed in the estate of decedent. The motion is made because of failure to file a notice of appeal to this court within the statutory period of thirty days from the entry of the decree. Hearings were held in the Orphans Court ending July 5th, 1941, and on September 22d, the opinion of the Orphans Court was filed dismissing the exceptions. The decree based on the decision was not entered until October 8th, 1941, when it was entered without notice to the appellant. The appellant did not learn of the entry of the decree until December 9th, when he was informed by the clerk of the Orphans Court that the decree had been entered and the present appeal was filed promptly thereafter. It appears from the affidavit of the chief clerk of the Surrogate's Court that on December 9th he informed appellant of the entry of the decree, and told him that his usual practice was to notify the parties of the entry of a decree, but no such notice had been given in this case. *Page 529 
A substantial sum is involved on the accounting, the exceptions on which the appeal is taken being based on the question as to whether there was a gift of an insurance policy on the life of decedent. A substantial question is raised by the appellant, and the appellant should not be deprived of his right to a hearing in this court unless he has forfeited the right to appeal. The principal involved comes clearly within that set forth in In reCasey, 127 N.J. Eq. 101, where the court says:
"We are clearly of the opinion that this is just the type of a case in which the disclosed circumstances equitably and justly called upon the Prerogative Court to exercise its unquestionable power to relieve respondents from the ruinous consequences that would have resulted from their failure to have taken their appeal within the time prescribed by law. Cf. In re Bigelow, 94 N.J. Eq. 721; 121 Atl. Rep. 1; In re Faitoute, 102 N.J. Eq. 17;138 Atl. Rep. 465."
In my opinion, the appellant has not been guilty of such negligence as should deprive him of a right to be heard in this court and the motion to dismiss the appeal is accordingly denied. *Page 530