[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 244 
Stanley Kozarski, an infant, by his guardian ad litem,
excepted to the account of the administratrix of the estate of his father, the senior Stanley Kozarski, deceased. After a hearing on the exceptions, the Orphans' Court entered a decree allowing the account. From this decree, decedent's widow, who is a mental incompetent, appealed by her guardian ad litem. Then, when her appeal came on for argument, the guardian ad litem for the infant Stanley moved that the infant's name be added as an appellant.
The time for the infant to appeal from the decree of the Orphans' Court, dated July 25, 1947, expired more than a year ago. R.S. 2:31-94. But it was well settled that the Prerogative Court had power to relieve parties from the consequences of their failure to take an appeal within the time prescribed by law. Inre Casey, 127 N.J. Eq. 101 (E. A. 1939); Heise v. Earle,134 N.J. Eq. 393 (E. A. 1943); In re Chryssikos,133 N.J. Eq. 528 (Lewis, V.O., 1943). This power has been transferred to the Superior Court. Const. 1947, art. XI, § 4(3), and P.L. 1948, c. 367, §§ 4 and 5. We are satisfied that the Appellate Division occupies the place of the Prerogative Court for the purpose of the motion and has power to grant the motion, even though it has the effect of enlarging the time of the infant to appeal.
The circumstances call for the exercise of the power. The infant is dependent upon the protection of the court; his guardian ad litem was appointed by the Orphans' Court. The infant is already presumably a party to the appeal, although a respondent and not an appellant. In re McCabe, 125 N.J. Eq. 278
(E. A. 1938). His joinder as an appellant will not delay the cause or prejudice any other party on the merits. The motion will be granted. *Page 245 
The exceptions to the account allege that the administratrix failed to charge herself with certain items of jewelry and silverware and the sum of $4,200 in cash. The administratrix, who was the only witness, testified that decedent had given the jewelry to her and the silverware to his daughter Dorothy, who is also an infant. Her testimony as to the money was very vague. She readily admitted that there was $4,200 in cash in a certain drawer in the house where decedent and the other parties lived. About $1,000 of this sum she claimed was her own money which she had entrusted to decedent. She said that a few hours before decedent's death, he gave to Dorothy a note in which he said what he wanted done with the money. After his death, the administratrix and the two children got out the money and used it to pay rent and other living expenses for the family, and also to reduce the mortgage on the house where they lived.
The Orphans' Court considered that the issue was one of title, — Did decedent own the money and the other property at the time of his death? That was not an issue, the court held, which could be decided on the accounting. This is sound, provided the real question is whether or not Dorothy, or perhaps Stanley, Jr., had title. But the evidence does not show distinctly that the children are claimants. Where the disputed question of title is one between the estate and the administrator claiming in his individual capacity, the Orphans' Court has jurisdiction to determine the issue, whether equitable or legal, on the accounting of the administrator. In re Fulper, 99 N.J. Eq. 293
(Buchanan, V.O., 1926). Since the proofs taken are an insufficient basis for a decision of the questions involved, the record will be remanded to the Orphans' Court in order that further proofs may be taken and that the matter be disposed of there.
Decree reversed accordingly. *Page 246