AMELIA SPARKS et al.

*v.*

THOMAS W. FORTESCUE et al.

[Submitted May 27th, 1907. Decided June 26th, 1907.]

A bill was filed to quiet title against but one of the children of a person named, counsel for complainant not being aware of the existence of others. No testimony was offered on behalf of defendant, though he was represented by counsel, and an answer was filed, and a decree was entered for complainants. Subsequently a similar bill to quiet title was filed by the same complainants against the remaining children, and the same issues were raised. In the second suit there was a verdict for complainants, and, on the same being ordered to be set aside and the granting of a new trial by the court of chancery, there was an appeal to the court of errors and appeals.—*Held*, on a motion to open the decree in the first suit, that as the appeal in the second suit was then pending in the court of errors and appeals, and as the first suit was practically undefended, the decree therein would be opened on condition that the court of errors and appeals granted a new trial in the second suit, and on the further condition that defendants should consent in such event to the consolidation of the two suits, should complainants desire it.

On petition to open final decree.

*Mr. Timothy J. Middleton* and *Mr. John J. Crandall,* for the petitioner.

*Messrs. French & Richards, contra.*

LEAMING, V. C.

Defendants seek to open a final decree entered and enrolled nearly three years ago. If this suit stood alone I should incline to the view that the reasons assigned for permitting the decree to be entered and stand so long unchallenged are insufficient to warrant this court in ordering the enrollment opened. But it appears that the bill was filed to quiet title to certain real estate, and the basis of complainants' claim was that the children of one Edmund B. Ross were not born in lawful wedlock; if born in

lawful wedlock they became the owners of the property in question; if not, complainant was entitled to a decree. But one of the several children of Edmund B. Ross was made a defendant in this suit, counsel for complainants not being aware, at that time, of the existence of the others. No testimony was offered on behalf of defendant, although he was represented by counsel and an answer was filed in his behalf. Subsequently a similar bill to quiet title was filed by the same complainants against the remaining children of Edmund B. Ross and the same issues were raised. The second suit was defended by other counsel and defendant in the first suit alleges that he believed that his interests would be fully protected in the second suit. In the second suit a feigned issue was awarded and that issue was tried at the supreme court circuit and a verdict was instructed in favor of complainants. Subsequently this court ordered that verdict set aside because of insufficient evidence to warrant the peremptory instruction given. From that order of this court an appeal is now pending in the court of errors and appeals. The two suits are identical. If the children of Edmund B. Ross were born in lawful wedlock, that is to say, if his marriage to the mother of these children was a lawful marriage, then the title to the land in controversy is in them, otherwise it is in complainants. It would, indeed, be an anomaly if the two suits should be ultimately determined differently. As the court of errors and appeals is yet to determine whether a new trial shall be had in the second suit, and as the first suit was practically undefended, I entertain the view that the equitable course is to open the decree pursuant to the prayer of the petition on condition that the court of errors and appeals grants a new trial in the second suit and on the further condition that defendants shall consent, in such event, to the consolidation of the two suits, should complainants desire such consolidation.

I will therefore hold the present petition until the decision referred to is rendered by the appellate court, and then advise an order in accordance with the views herein expressed. Such costs as complainants were compelled to expend in taking the depositions before the master and in entering the decree should be paid by petitioner in the event of the decree being opened.