## REALTY TITLE AND MORTGAGE COMPANY

*v.*

## MATTIE SCHAAF et al.

[Submitted December 17th, 1912.   Determined December 24th, 1912.]

When the husband did not join in a mortgage of the separate estate of the wife, it was not valid as a mortgage or a specific lien, but was effective to show that the debt was contracted on the credit of the married woman's separate estate, and equity will declare and enforce a lien against it.

*Mr. G. Dore Cogswell,* for the complainant.

*Mr. Frederick A. Rex,* for the defendants.

LEAMING, V. C.

The bill is filed to foreclose a mortgage made by Annie Horner to George H. Briggs. The mortgage is now owned by complainant, and defendants are the heirs-at-law of the mortgagor.

Annie Horner, the mortgagor, was a married woman at the time the mortgage was made by her. Her husband (now deceased) did not join in the mortgage. The mortgage does not disclose that the mortgagor was a married woman, and the acknowledgment to the mortgage does not certify that she was examined by the acknowledging officer separate and apart from her husband.

The evidence discloses that the real estate described in the mortgage was the separate estate of the mortgagor and that the mortgage was executed by the mortgagor for money loaned to her by the mortgagee on the credit of her separate estate, the loan having been made at the time the mortgage was executed.

It is well settled in this state that under the circumstances stated, the instrument intended as a mortgage is not valid as a mortgage or specific lien; the failure to comply with the statu-

tory requirements is fatal to the mortgage as such. It is, however, equally well settled that under the circumstances stated, a court of equity will declare and enforce a lien against the separate estate for the debt intended to be secured by the mortgage. While the mortgage is not effective as a lien, it is effective to show that the debt was contracted on the credit of the married woman's separate estate, and that she intended it to be chargeable thereon. *Wilson* v. *Brown, 13 N. J. Eq. (2 Beas.) 277; Harrison* v. *Stewart, 18 N. J. Eq. (3 C. E. Gr.) 451; Armstrong* v. *Ross, 20 N. J. Eq. (5 C. E. Gr.) 109; Homœpathic Mutual Life Insurance Co.* v. *Marshall, 32 N. J. Eq. (5 Stew.) 103, 112.* No equitable principle can find more perfect justification than this in its inherent quality of justice and fairness; it is merely operative to restore that which is due in conscience. An exemplification of the principle is to be found in those cases in which a married woman has contracted to sell separate estate under an agreement which cannot be specifically enforced against her, and has received a portion of the purchase price; in such cases courts of equity have declared liens for the amounts paid and thus enforced restitution. *Pentz* v. *Simonson, 13 N. J. Eq. (2 Beas.) 232, 235; Pierson* v. *Lum, 25 N. J. Eq. (10 C. E. Gr.) 390.*

It also appeared at the hearing that at the time the mortgage was executed the mortgagor and her husband were living separate and apart from each other. In view of the power and duty of this court to declare and enforce a lien under the circumstances first above stated, I think it unnecessary to here inquire whether the separation was of a nature to render the mortgage here in question valid as such.

The bill is silent touching the nature of the indebtedness for which the mortgage was given. While the prayer is probably adequate for appropriate relief, I think the bill should be amended to conform to the proofs before a decree is signed. Upon such amendment being made I will advise a decree declaring a lien for the amount of the debt and directing its enforcement by a sale of the premises described in the bill.