Vera McDevitt, one of the defendants, has been engaged in the real estate business for many years, and at or about the time of the date of the mortgage being foreclosed, was a real estate broker or salesman and had done considerable business with and for Frank J. Pedrick Son.
Sometime in the year of 1926, Mrs. McDevitt and the Pedricks entered into a contract for the exchange of certain property, she to convey to them a property on Winchester avenue, they to convey to her premises on Ventnor avenue in Margate. As a part of the agreement, there was to be executed by her a mortgage of $5,000. *Page 571 
Considerable testimony has been given as to which property was to be covered by this mortgage. No deeds were given by each to the other for these premises, although Mrs. McDevitt for a time occupied and received rent for the premises which were to be conveyed to her.
Sometime prior to the date of the bond and mortgage, Mrs. McDevitt signed, as she claimed, a blank form of bond and mortgage and handed the same to, or left them upon the desk of Mr. Fagan, an employee or officer of Frank J. Pedrick Son. She claims that her instructions were that the mortgage should be filled out and that at the time of settlement and upon the execution of the same by her husband, the same should become effective.
The mortgage being foreclosed is in due form, bears the signature of Mrs. McDevitt and what purports to be the signature of her husband, and an acknowledgment purporting to have been taken by Mr. Fagan as notary public of the said Vera McDevitt and John McDevitt, her husband.
I have no doubt that the name of John McDevitt appearing upon the bond and mortgage is not, in either instance, the signature of John McDevitt, and that it was not placed upon said papers by him, or by his authority, nor did he acknowledge the same.
The consideration for the said bond and mortgage was paid by Bloom to Frank J. Pedrick Son, less ten per cent. and the cost of the papers, title policy, c., which costs were paid by Bloom to the title company.
On the 31st day of March, 1927, Emma Rosskam assigned said bond and mortgage to her husband, William B. Rosskam, which assignment is recorded in the clerk's office of Atlantic county in book 89 of assignment of mortgages, page 430. The purpose for which this assignment was made was to afford an excuse to ask the McDevitts for a declaration of no offset, some information having reached the mortgagee that the McDevitts denied the validity of said mortgage.
It is a general rule that when a principal, by any such acts or conduct, knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, *Page 572 
he will be estopped to deny such agency to the injury of third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances, although no consideration moved to the alleged principal and although there was no actual fraud on the part of such principal, as the estoppel may be allowed on the ground of negligent fault on his part on the principle that "where one of two innocent persons must suffer loss, the loss will fall on him whose conduct brought about the situation." 2 C.J. ¶ 71.
This principle of law is followed in this state. Putnam v.Clark, 29 N.J. Eq. 412; affirmed, 33 N.J. Eq. 338; Morris v.Joyce, 63 N.J. Eq. 549.
This mortgage, executed by a married woman on her separate estate, without her husband joining, is ineffective as a mortgage lien and incapable of foreclosure. Boardwalk National Bank v.Toboldt et al., 104 N.J. Eq. 509, decided by me within the last year, in which was cited Realty Title and Mortgage Co. v.Schaaf, 81 N.J. Eq. 115; Bennett v. Orchard, 4 N.J. Mis. R.807.
A lien will be declared and enforced against the separate estate of a married woman for a debt contracted by her on the credit of the estate, and which she intended to charge therewith by the mortgage sought to be foreclosed. Bennett v. Orchard,supra.
It is well settled in this state that under the circumstances stated, the instrument intended as a mortgage is not valid as a mortgage or specific lien; the failure to comply with the statutory requirements is fatal to the mortgage as such. It is, however, equally well settled that under the circumstances stated, a court of equity will declare and enforce a lien against the separate estate for the debt intended to be secured by the mortgage. While the mortgage is not effective as a lien, it is effective to show that the debt was contracted on the credit of the married woman's separate estate, and that she intended it to be chargeable thereon. Wilson v. Brown, 13 N.J. Eq. (2Beas.) 277; Harrison v. Stewart, 18 N.J. Eq. (3 C.E. Gr.)451; Armstrong v. Ross, 20 N.J. *Page 573 Eq. (5 C.E. Gr.) 109; Homeopathic Mutual Life Insurance Co.
v. Marshall, 32 N.J. Eq. (5 Stew.) 103, 112. No equitable principle can find more perfect justification than this in its inherent quality of justice and fairness; it is merely operative to restore that which is due in conscience. An exemplification of the principle is to be found in those cases in which a married woman has contracted to sell separate estate under an agreement which cannot be specifically enforced against her, and has received a portion of the purchase price; in such cases courts of equity have declared liens for the amounts paid and thus enforced restitution. Pentz v. Simonson, 13 N.J. Eq. (2 Beas.) 232,235; Pierson v. Lum, 25 N.J. Eq. (10 C.E. Gr.) 390.
Was this mortgage given to secure a debt contracted by Mrs. McDevitt on the credit of her separate estate? I am convinced that this question must be answered in the negative. There was no debt owing by Mrs. McDevitt at the time of the signing of this paper. She owed no one the said sum of $5,000 as stated in said instrument, nor did she receive from anyone the said sum of $5,000 therein stated on the credit of her separate estate, or in any other manner.