S. PEARSON MORRIS, complainant,

*v.*

GEORGE DAVIS et al., defendants.

[Decided November 16th, 1931.]

*Mr. Russell Godfrey (Mr. George W. C. McCarter,* of counsel), for the complainant.

*Mr. Daniel de Brier,* for the defendant Joseph B. Perskie, executor, &c.

*Mr. Albert C. Abbott,* for the defendant Chelsea Title and Guaranty Company.

INGERSOLL, V. C.

The prayer against the defendant George Davis is "that an adjudication, by a final determination of this court, may be made as to whether or not complainant's mortgage is valid and effectual or invalid and ineffectual to charge the premises as a mortgage lien."

This mortgage was signed by a married woman, without her husband joining therein. The law is that a mortgage executed by a married woman on her separate estate, without her husband joining, is ineffective as a mortgage lien, and incapable of foreclosure. *Atlantic Guaranty and Title Insurance Co.* v. *McDevitt, 105 N. J. Eq. 570.* And although it is equally well settled that a court of equity will declare and enforce a lien against the separate estate for the debt intended to be secured by the mortgage, there is no prayer in complainant's bill asking for the enforcement of such a lien, and the brief of the complainant states that the only decree this court can make is the decree prayed for in paragraph 2 of the prayer of the bill, above quoted—that complainant's mortgage is invalid and ineffectual to charge the premises as a mortgage lien. There is no relief prayed for against the defendant Chelsea Title and Guaranty Company, nor is, nor has there been, at the hearing or in the brief, any attempt to have any decree except one holding that the said mortgage is ineffective as a mortgage lien and incapable of foreclosure. It follows, therefore, that the bill to foreclose must be dismissed.