THE MORRIS COUNTY BUILDING AND LOAN ASSOCIATION, complainant-appellant,

*v.*

KATHERINE L. WALTERS et al., defendants-appellees.

[Submitted October 19th, 1937.   Decided April 28th, 1938.]

*Mr. Herman M. Cone,* for the appellant.

*Messrs. Beery & Benz (Mr. Nicholas O. Beery,* of counsel), for the appellees.

The opinion of the court was delivered by

RAFFERTY, J.

This is an appeal by complainant below from an order of the court of chancery opening the interlocutory and final decrees in foreclosure entered in the cause and granting leave to defendants to answer the bill of complaint filed therein.

In March, 1931, August Walters and Katherine L. Walters, his wife, executed and delivered to appellant a bond and mortgage covering certain premises situate in the township of Chester, Morris county. In June, 1931, a second bond and mortgage covering the same premises were delivered to one Chonovsky and wife. In April, 1932, Walters and wife conveyed the premises to The Walters Company, Incorporated. In January, 1934, a fire occurred on the premises and the proceeds of the fire insurance policy covering the loss were applied to the first mortgage debt. There is dispute as to the method of the application of these moneys, it being claimed on behalf of appellee that an improper application thereof resulted in the default upon which the foreclosure suit was based.

Default in the mortgage allegedly occurring, foreclosure proceedings were instituted. Appellant, with knowledge of claimed invalid service of process on defendants Walters and wife, and despite an alleged agreement on its part to delay the cause to permit the payment of the amount due it, proceeded to decree *pro confesso,* none of the defendants having answered, prosecuted the matter to final decree, and subsequently purchased the premises at sheriff's sale for a nominal sum. After confirmation of sale, an offer of the amount of the decree, &c., was made on behalf of The

Walters Company, Incorporated, to "redeem" the property. This offer appears to be based upon an alleged agreement with appellant that it "would proceed with the suit and you can have the property back at any time you pay the unpaid balance of the mortgage, accrued interest and costs." The offer thus made was not accepted, and five days thereafter, being eighteen days after the confirmation of sale, appellant contracted to sell the premises to a third party at a substantial advance in price over that offered on behalf of The Walters Company, Incorporated. August Walters made affidavit, as president of The Walters Company, Incorporated, that, during the pendency of the foreclosure, he had arranged to sell a portion of the lands involved to the identical purchaser.

Prior to the date set for the passing of title by appellant under its contract, The Walters Company, Incorporated, filed a petition to redeem and later a petition to open decree. The order appealed from was entered with respect to the petition to open decree, no judicial action appearing with respect to the petition to redeem other than the issuance of an order to show cause.

The petition to open decree is made on behalf of defendant, The Walters Company, Incorporated.

Due service of process upon the defendant corporation is admitted in the petition as is due advertisement of the sheriff's sale. It is averred, however, that actual notice of the sale was not given. Alleged misapplication of the insurance moneys can be spelled out of the petition. Inadequacy of price and the offer to redeem the property for the amount of the decree, together with costs, &c., are also set out.

In its conclusions, the court below was satisfied that defendant corporation had shown surprise and a meritorious defense and that the default decrees sought to be opened were fraudulently obtained.

Whether or not a final decree shall be opened rests in the discretion of the court of chancery and where the order in the premises does not result from an abuse of such discretion nor is the result of mistake or of any imposition practiced on that court, this court will not review such order for the

mere purpose of substituting its discretion for that of the court of chancery. *Cottrell* v. *Tracy, 121 N. J. Eq. 96,* and cases there cited. Great weight is attached to the conclusions of the court below and in the absence of a clear showing of elements justifying such action, this court will not interfere with the order of that court entered pursuant to its conclusions.

In the light of this salutary rule, however, and upon careful examination of the matter as presented to this court on appeal, we cannot but conclude that the learned vice-chancellor fell into error in the entry of the order complained of.

Service on the defendant corporation, admitted in the petition, was made upon its statutory agent. The effect of alleged invalid service on Walters and wife, individually, cannot be considered as a factor on this appeal. It could not affect the validity of the decree entered against the defendant corporation, the title holder of the real estate at the time of the institution of foreclosure. They were not necessary parties to that action, nor are they parties to this appeal. The purpose of joining these individuals as defendants was to make them liable for any possible deficiency arising from the sale of the premises *(Rev. Stat. 2:65-2),* and the question of invalid service on them during the foreclosure proceeding would be matter of defense in a suit for deficiency against them.

The claim of inappropriate application of the insurance fund must fall of its own weight. Throughout the transaction, the affidavits show, all of the negotiations in behalf of the defendant corporation were carried on by Walters. With particular reference to the application of the insurance moneys, Walters corresponded with appellant on stationery of defendant corporation. On March 16th, 1934, he wrote to appellant suggesting a method of application of these funds. On May 10th, 1934, he again wrote appellant that, "not having heard from you I presume my proposition has been accepted." On May 18th, 1934, appellant wrote Walters advising that it had disposed of the insurance checks in a different manner than had been suggested by Walters and advising also of the new schedule of monthly installment

payments pursuant to such disposition. On May 26th, 1934, Walters replied to appellant, stating, "your proposition seems quite alright and I shall do all in my power to live up to the terms you lay out for me." On June 4th, 1934, Walters again wrote appellant, saying, "I refer to your recent letter about the adjustment of the $1,836 cheque for the insurance. I believe it is the best solution of the matter." In all of the transactions and discussions had in the matter, reference to Walters is always made in the first person, but the inference cannot be avoided, nor indeed is the claim made otherwise, than that his actions were in behalf of the corporation. The correspondence clearly shows that Walters, as an officer of the corporation and in behalf of the corporation, assented to the changed plan of application of the insurance moneys. The contention now that assent to this changed application of insurance moneys was not by authority of the board of directors of the corporation comes too late. From all that can be gleaned of the situation the will and the judgment of Walters was the will and the judgment of the corporation and the action of Walters was the action of the corporation. It has been repeatedly held that a corporation is bound by the act of an officer or agent where that act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred upon them (*Myrtle Avenue Corp.* v. *Mt. Prospect Building and Loan Association, 112 N. J. Law 60; Erie Railroad Co.* v. *S. J. Groves & Sons Co., 114 N. J. Law 216*); and the authority of the officer, in the usual course of the business of the corporation, may be implied from the manner in which he has been permitted by the directors to transact its business. *Kuebler Foundries, Inc.,* v. *H. J. Koehler Motors Corp., 100 N. J. Law 163; Clucas* v. *Bank of Montclair, 110 N. J. Law 394; Besser* v. *Eisler Electric Corp., 115 N. J. Law 146.* It is concluded, therefore, that the defendant corporation assented to and acquiesced in the application of these moneys made by appellant and it cannot now retrace its steps.

But defendant corporation urges that it had a right to

redeem the premises after the sale to appellant because it had no actual notice of the sale and because of the agreement of appellant's solicitor that it could have the property back at any time upon the payment of the balance of the mortgage, accrued interest and costs. Defendant corporation filed no answer in the cause. The sale was duly advertised. It was entitled to no other notice of sale unless the course of conduct between the parties during the pendency of the proceedings was such as to lull defendant corporation into a sense of security that such sale would not be had without actual notice brought to it and that defendant corporation could "have the property back at any time, &c." That such assurance was given is evidenced from the affidavit of appellant's solicitor who says, "I tried to carry the foreclosure along in order to permit Mr. Walters to make some disposition of the property or pay up the delinquency and after waiting a long time, in the winter of 1936 I proceeded to conclude the foreclosure and so informed Mr. Walters on his various visits to my office during that period. Mr. Walters always told me that his business was bad and that he had no money and that he would be obliged to lose the property" if the foreclosure was continued. This, taken with the fact that appellant contracted to sell the property within eighteen days after the date of confirmation of sale to the identical party with whom, Walters takes affidavit, he had, during the pendency of the proceedings and to the knowledge of appellant's solicitor, negotiated to sell a portion of the premises, leads us to the conclusion that there is some merit in the contention of defendant corporation in this respect. The inference of unconscionable conduct thus drawn gives rise to an equity in favor of defendant corporation that it is entitled to have determined and to this end the cause will be remanded to the court of chancery for further proceedings in the customary mode to determine the equitable situation and, being satisfied as to inequity, to order a resale of the premises.

We have carefully examined all other grounds of appeal and, except as the same may have been heretofore treated, they are deemed inapplicable or without merit.

The action of the court of chancery in making the order appealed from is reversed, and the cause is remanded to that court with instructions to proceed in accordance with this opinion. Should resale be ordered, deposit of the moneys due or suitable bond to cover this amount, as appropriate protection to appellant, should be required as a condition precedent.

*For affirmance*—TRENCHARD, PARKER, CASE, BODINE, HETFIELD, JJ. 5.

*For reversal*—THE CHIEF-JUSTICE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 9.