INVESTMENT BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, a corporation, complainant-respondent,

*v.*

ATHENE HOLDING COMPANY, a New Jersey corporation, defendant-appellant.

[Submitted May term, 1942. Decided September 18th, 1942.]

*Mr. Nathan H. Berger* and *Mr. Leonard G. Mury,* for the complainant-respondent.

*Mr. Ferdinand D. Masucci,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

This is an appeal from a Chancery order which dismissed the petition of the Athene Holding Company to vacate the decree *pro confesso,* final decree and writ of *fieri facias* in the above entitled foreclosure suit.

The moving papers are lacking in important data; but we gather from them that the decree *pro confesso* was entered on August 21st, 1941, and from the opinion of the Vice-Chancellor that the final decree was entered on September 2d, 1941. The matter was presented to Chancery by petition on December 1st, 1941, after the time for appeal from the decree *pro confesso,* against which the attack is chiefly made, had expired. A rule to show cause issued, returnable on December 9th, 1941. On the return the rule was discharged and the petition on which it issued was dismissed. The court below expressed the opinion that the petition did not set up facts which, if true, constituted a defense to the foreclosure, that the petitioner sought to vary the written terms of the mortgage by pleading and proof *aliunde,* and that the application was not within time.

The Court of Chancery has power, even after an enrollment, to open a regular decree obtained by default for the purpose of giving the defendant an opportunity to make a defense on the merits where he has been deprived of such defense by mistake, accident, surprise, fraud or the negligence

of his solicitor, *Cottrell* v. *Tracy, 121 N. J. Eq. 96;* a procedure that has foundation in the statute, *R. S. 2:29-45.* There are distinctions, which the cases have not always observed and which we need not enlarge upon here, between a petition to open and a bill of review or a bill in the nature of a bill of review. *Boyer* v. *Boyer, 77 N. J. Eq. 144; Cook* v. *Weigley, 69 N. J. Eq. 836.* However, whether or not a final decree shall be opened is discretionary with the Chancellor and where an order refusing to open a decree was neither an abuse of discretion nor the result of mistake or of any imposition practiced on that court, this court will not review such order for the mere purpose of substituting its discretion for that of the Court of Chancery. *Sandfard* v. *Wellborn, 85 N. J. Eq. 577; Williams, Jr.,* v. *Lowe, 79 N. J. Eq. 173.*

The defendant sought to excuse its failure to answer or take another step in the proceeding by the assertion that it had been represented by Mr. Richard Doherty who had died about three weeks before the petition to reopen was presented and that while the defendant did not know why its solicitor did not file an answer or other pleading it believed that the failure "may have been due to said solicitor's illness and probably weakened physical and mental condition which eventually caused his death." There was proof, however, that Mr. Doherty had written to the attorney of the complainant corporation a letter which sustains a quite different version of why no answer was filed, namely, that the property involved in the foreclosure was obsolete and no longer had a value that would justify the expense of defending against the foreclosure. Portions of the letter follow:

"I represent the Athene Holding Company, operating the Plaza Hotel at 44 Mulberry St., Newark, which it acquired from the Investment Building & Loan Association of Newark, the legal affairs of which, I understand, are in your most capable hands. I am advised by people conversant with the situation that the property is utterly without value at the present time, except as the fundament of a bare living for some person competent and industrious enough to run it as a low rate hotel, and that the alterations necessary to utilize the premises for any other purpose are appalling to contemplate and, even after such expenditure, would entail the wildest of

hazards. Without protraction of the descriptive misery, the mortgage security may be regarded as obsolete property.

"I have advised the operators of the building to announce, with candor, that its income is, and will continue to be, inadequate to meet the obligations undertaken by the mortgage; and that good principle, as well as an acknowledgement of the Association's past co-operation, requires that it should give consideration to a proper course of action, and do so before any suspicion arises that its mortgagor is designing to milk the security and clear out."

The proofs submitted by the defendant are deficient in proof of an absolute employment of, or of a direction to, Mr. Doherty to file an answer or other pleading; and there was evidence which, if believed by the Vice-Chancellor, as apparently it was believed, was sufficient to throw grave doubt upon the alleged lack of information on the part of the officers of the defendant corporation regarding the issues and the status of the case. The omission in answering was consistent with a plan of strategy based upon the proposition that the property was not worth a contest and that the complainant in the absence of a contest might enter upon negotiations for a settlement that would comprehend a radical reduction from the conceded mortgage debt.

We are also of the opinion that the affidavit submitted by the defendant in proof of its contention that it had not agreed to make a payment of $20 per month in manner set out in the mortgage was an attempt to vary the terms of that written instrument and therefore, to that extent, inadmissible. Such a suggesion has no place either as proof or in the pleading. *Collins Realty Co.* v. *Sale, 104 N. J. Eq. 138, 142; Platt* v. *Currie, 100 N. J. Eq. 543; Van Syckel* v. *Dalrymple, 32 N. J. Eq. 233; affirmed, Id. 826; Leslie* v. *Leslie, 50 N. J. Eq. 155, 161; Ryer* v. *Turkel, 75 N. J. Law 677, 685.* We are not prepared, however, to hold that all of the matters which defendant proposed to include within an answer, if it should be allowed to file such pleading, were wholly without merit; and the lack of argument on the legal aspects of some of the facts, viz., that the suit was still active in the sense that the sale had not yet been had and that the final decree was still within the appeal period, cause us to reserve opinion on whether or not the petition was filed beyond time.

Nevertheless we conclude that the question of opening the decrees and of disturbing the writ of *fieri facias* was within the discretion of the Chancellor and that the finding below was not an abuse of that discretion. We find none of the elements which, in the absence of such abuse, should cause us to reverse.

The order appealed from will be affirmed.

*For affirmance*—CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—THE CHIEF-JUSTICE, PARKER, DONGES, JJ. 3.