The defendant challenges the propriety of the entire proceedings by which a mortgage lien upon her real estate has been foreclosed and the property exposed to public sale. In addition to objections to the confirmation of the sale, a petition has been filed on behalf of the defendant requesting that the court vacate the decrees, pro confesso and final, and dismiss the bill or afford the defendant an opportunity to defend. The complainant, who is also the purchaser at the foreclosure sale, has been directed to show cause why the prayers of the petition should not be gratified. The procedure by petition and order to show cause is approved as expedient and proper, although bills of review, or those in the nature thereof, continue to be recognized. Miller v. Rushforth, 4 N.J. Eq. 174; *Page 495 Watkinson v. Watkinson, 68 N.J. Eq. 632; 60 Atl. Rep. 931;Cook v. Weigley, 69 N.J. Eq. 836; 65 Atl. Rep. 480; Kearns v.Kearns, 70 N.J. Eq. 483, 487; 62 Atl. Rep. 305; Sparks v.Fortesque, 73 N.J. Eq. 251; 67 Atl. Rep. 391; reversed, 75 N.J. Eq. 586; 73 Atl. Rep. 595; Boyer v. Boyer, 77 N.J. Eq. 144;76 Atl. Rep. 309; Jones v. Read-Jones, 84 N.J. Eq. 479;93 Atl. Rep. 580; In re Roberson, 95 N.J. Eq. 672; 123 Atl. Rep. 721;Mitchell v. Mitchell, 97 N.J. Eq. 298; 127 Atl. Rep. 185; In reO'Mara, 106 N.J. Eq. 311; 151 Atl. Rep. 67; Morris v. Glaser,106 N.J. Eq. 585, 591; 151 Atl. Rep. 766; affirmed, 110 N.J. Eq. 661; 160 Atl. Rep. 578; Cottrell v. Tracy, 121 N.J. Eq. 96;187 Atl. Rep. 563; In re Kuser, 132 N.J. Eq. 260, 265; 26 Atl. Rep.
2d 688.
The discretionary power of the Chancellor to open, for justifiable cause and upon diligent application, decrees obtained by default is, of course, undeniable. Investment Building andLoan Association of Newark v. Athene Holding Co., 132 N.J. Eq. 309,310; 28 Atl. Rep. 2d 186; Jones v. Read-Jones,supra; Schaffer v. Hurd, 98 N.J. Eq. 143, 144;130 Atl. Rep. 228; White v. Smith, 72 N.J. Eq. 697, 700; 65 Atl. Rep. 1017;Wiktorowicz v. Stesko, 134 N.J. Eq. 383; R.S. 2:29-45; N.J.S.A.2:29-45. Mistake, accident, surprise or fraud are appropriate grounds for the vacation of judgments or decrees but the grounds of mistake, accident or surprise should be augmented by the disclosure of the probable existence of some meritorious defense.Embury v. Bergamini, 24 N.J. Eq. 227; Avidan v. Kaplan,106 N.J. Eq. 43, 46; 150 Atl. Rep. 3; Sandford v. Wellborn, 85 N.J. Eq. 577,587; 96 Atl. Rep. 1018; Cottrell v. Tracy, supra. A court of equity will upon its own motion nullify a decree procured through fraud practiced upon it. De Gruchy v. WilscotLand Co., 110 N.J. Eq. 80; 159 Atl. Rep. 164; Morris CountyBuilding and Loan Association v. Walters, 122 N.J. Eq. 475;194 Atl. Rep. 784; reversed on other grounds, 123 N.J. Eq. 548;198 Atl. Rep. 756.
I collect the facts in the present case from the affidavits. The defendant, Dorothy Clawson, acquired the premises by *Page 496 
deed on April 21st, 1938. She was a married woman on September 30th, 1939, when she executed and delivered to the complainant a mortgage on the premises to secure the payment of an indebtedness of $1,500 to become due on September 30th, 1944, with interest at the rate of three per centum per annum. Her husband did not join with her in the execution of the bond and mortgage. The insistence is that by reason of the failure of her husband to unite with her in the execution of the mortgage, it is not a valid and effectual lien upon her property and cannot be foreclosed. The following reported decisions are cited in support of that contention: Dreier v. Pomeroy, 104 N.J. Eq. 504;146 Atl. Rep. 178; Boardwalk National Bank v. Toboldt, 104 N.J. Eq. 509; 146 Atl. Rep. 358; Atlantic Guaranty and Title InsuranceCo. v. McDevitt, 105 N.J. Eq. 570; 148 Atl. Rep. 733; RealtyTitle and Mortgage Co. v. Schaaf, 81 N.J. Eq. 115;85 Atl. Rep. 602; Bennett v. Orchard, 4 N.J. Mis. R. 807; 134 Atl. Rep. 519;Morris v. Davis, 10 N.J. Mis. R. 68; 157 Atl. Rep. 837.
I would not undertake to impugn the soundness of those decisions concerning the state of the law existing at the time of their rendition, but my attention falls upon the subsequently enacted chapter 207 of the laws of 1934 which, as now embodied inR.S. 37:2-17; N.J.S.A. 37:2-17 reads:
"Execution by married woman of instruments affecting realproperty of self or husband without joinder or consent ofhusband. Any married woman may execute and deliver any instrument relating to or affecting her estate, interest or right in her real property or in that of her husband, with the same effect as if she were unmarried, and any such instrument shall be valid without the joinder therein or consent thereto of her husband; but no conveyance, deed, contract or act of such married woman shall affect any estate, interest or right of her husband in such property."
The broad and comprehensive language of that act is at once noticeable. Its connotation evinces a legislative intent to eradicate the former disability of a married woman to secure the payment of her own indebtedness by the execution and delivery of an instrument such as a mortgage imposing a lien upon her real property. The interest or estate therein *Page 497 
of the husband remains unaffected. This construction of the statute conforms with the modern legislative policy to liberate married women from the disabilities to which they are subjected by the common law. The proposed defense is therefore untenable.
The application of the defendant to arrest the consummation of the sale of her premises is more impressive. The defendant and her husband are estranged. The bill to foreclose was filed on November 4th, 1943, alleging as a default the delinquency of the defendant in the non-payment of an installment of taxes due on February 1st, 1942, and the installments thereafter accruing. The initial default accelerated the payment of the principal of the mortgage debt. The taxes in arrears amounted to $47.63. On November 8th, 1943, the defendant was served with process in this cause. On that day she paid the taxes levied upon the property for the year 1942, but I observe in the affidavit of the collector of taxes that she neglected to pay to him an interest item of $3.74. A few days later, perhaps on November 14th, 1943, the defendant in company with her mother and another expressed to the complainant her surprise at his precipitate action and informed him of her payment of the taxes. It is said that the complainant thereupon assured the defendant that since the taxes had been promptly paid, he would instruct his solicitors to discontinue the foreclosure suit, and that she need not further concern herself about the proceedings. The complainant contradicts. The defendant further deposes that on December 1st, 1943, she caused an examination of the docket of the court to be made and was advised that no additional proceedings had been pursued in the cause. Cf. In re Hathorn, 94 N.J. Eq. 371, 374;97 Atl. Rep. 262. The sale of the premises was brought to her attention by her husband, who acquainted her with the event and the amount of the highest bid ($2,625) and pretended a claim to some share of the surplus proceeds of the sale. Yes, there is some suspicion of collusion between the complainant and the husband of the defendant.
The defendant appears to have been derelict in her compliance with provisions of the mortgage which, upon default, *Page 498 
accelerated the payment of the principal, and the payment of the major part of the tax indebtedness subsequent to the filing of the foreclosure bill did not neutralize the default and eliminate the cause of action. Cf. Haase v. Moser, 121 N.J. Eq. 344;189 Atl. Rep. 638. In the absence of a substantial and meritorious defense the decrees in the cause will not be disturbed.
When reminded of her default, the defendant acted with diligence. The only presumable object of the complainant is to collect his debt. He is the purchaser. In such a situation an application to open the bid conditionally is regarded with more indulgence. Campbell v. Gardner, 11 N.J. Eq. 423; Rosenblatt
v. Premier Dyeing Co., 101 N.J. Eq. 569; 139 Atl. Rep. 389. I am persuaded to grant the defendant some measure of relief.Vide, Karel v. Davis, 122 N.J. Eq. 526; 194 Atl. Rep. 545.
I shall advise an order granting to the defendant the right to redeem her property upon payment to the complainant of the amount due to him within a reasonable period to be specified in the order, and in the event of such payment a satisfaction of the decree will be directed. Upon failure of the defendant to so redeem, the foreclosure sale must be confirmed. *Page 499