This matter is before the court on a petition to open a foreclosure suit and set aside a sale thereunder. Petitioner is the present administrator of the estate of one Pietro Calabrese, who died several years ago, holding a second mortgage on the premises. Complainant is the assignee of the first mortgage and proceeded in due course with the foreclosure. There being no administration on the estate of the second mortgagee, the clerk of the Court of Chancery was appointed administrator. The suit then proceeded through decree and *Page 582 
sale for $100 in January, 1945. Petitioner, who is the sole heir of Pietro Calabrese, was in the military service and did not learn of the foreclosure until July, and after making inquiries, and some further delay because of his military duties, was appointed ancillary administrator.
Petitioner contends that the true amount due on the first mortgage was only about $1,500, whereas the amount claimed in the foreclosure suit, and for which a decree was entered was about $3,500. On this issue he is met by a definite affidavit that the figure of $3,500 is correct. It also appears that an effort was made to notify petitioner of the pendency of the suit, but that letters sent to a slightly wrong address were not delivered. Complainant in my opinion did everything that could reasonably be expected of him, and was guilty of no fault or dereliction.
It is, of course, well settled that a final decree will not be set aside unless there was mistake, accident, surprise or fraud, and a meritorious defense must be shown. The burden is on the person seeking the opening. Kaffitz v. Clawson, 134 N.J. Eq. 494.
All petitioner could hope to do would be to reduce the amount due on the first mortgage to the figure which he is informed is correct, and this would seem to be impossible, in view of the definite explanation of complainant of the mortgage debt. The application must be denied. *Page 583